## SEYMOUR *vs.* SEYMOUR AND OTHERS.

A deed of land, executed under a probate order of sale, purporting to be for a consideration which is less than the sum specified in such order, is not void, on the ground that said order is not thereby strictly complied with.

The real estate of a deceased person remains subject to a lien for the payment of his debts, even after all the parties interested therein, as heirs or devisees, have made a mutual distribution thereof, under their hands and seals.

The plaintiff, who had signed a promissory note, as surety for his father, after the father's decease, united with the other heirs, in making, under their hands and seals, a mutual distribution of the estate of the deceased, before it could be known what debts would be allowed against it, reserving certain turnpike stock, for the payment of such debts as might be due. At the time of making such distribution, in September, 1849, the other heirs signed an agreement, indemnifying the plaintiff against his liability, as surety, and thereupon entered upon their respective shares of said estate, and continued in the occupancy thereof, under the distribution. Being afterward compelled to pay said note, and the other heirs not indemnifying him therefor, the probate court allowed the plaintiff's claim therefor, against the estate of the deceased, and granted an order for the sale of real estate, and the plaintiff purchased the shares of such estate, held by the defendants, and a return of such sale was made to, and approved by, said court. In an action of ejectment against the distributees of the estate sold, it was held, 1. that the agreement to indemnify the plaintiff against his liability, as surety, was no merger of his claim against the estate; 2. that he was not estopped from setting up a title to the premises conveyed to him, against that of the defendants under the distribution; 3. that the probate court had exclusive jurisdiction of the claim of the defendants, and that they were concluded, by the proceedings there had, when the order of sale was issued, and the return accepted.

THIS was an action of ejectment, for a parcel of land in the town of New Hartford, formerly owned by Sylvester Seymour, deceased.

The cause was tried at Litchfield, August term, 1852. The plaintiff claimed title to the land in question, under a deed, executed by authority of the court of probate. On the trial, to prove his title, the plaintiff offered in evidence a deed of the premises to him, from Hiram Goodwin, together with the decree of the court of probate, directing said Goodwin to sell so much of the real estate of Sylvester

Seymour, deceased, as would raise the sum of nine hundred and sixty-six dollars, and seventy-four cents, which order was recited therein. Said deed was in the usual form, but purported to convey the premises to the plaintiff, for the consideration of eight hundred and fifty-six dollars, and forty cents. To this deed, as evidence of the plaintiff's title, the defendants objected, on the ground that it appeared on its face, that said Goodwin had not discharged the trust and power conferred upon him by said court, but had departed from the same, in selling less land than directed by the order; no evidence being offered by the plaintiff, that said power and authority had been discharged, in any other way than as appeared on the face of said deed, and it being admitted that the lands embraced therein were only a part of the real estate of said Seymour. It was admitted that the plaintiff, during the lifetime of said Sylvester, had executed a note with him, as his surety, to the town of New Hartford, for the sum of —————— dollars, which note remained unpaid at the decease of said Sylvester; and that afterward, while their note remained unpaid, ( the plaintiff having before that time been appointed one of the administrators on said estate,) the remaining heirs executed to him an indemnity against his liability to pay said note, and thereupon a distribution and division of said estate was made, by mutual assent of all the heirs of said estate, and the following agreement, signed and sealed by them, in the presence of two witnesses, and acknowledged before the judge of probate, was indorsed upon such distribution—*viz.:*

- " Whereas the foregoing distribution has been made by the mutual agreement of the subscribers, the widow and heirs of Capt. Sylvester. Seymour, late of New Hartford, deceased; now we do hereby confirm and agree to the foregoing distribution, and agree, that the foregoing shall ever be and remain the division and distribution of said estate, except the turnpike stock belonging thereto, which is re-

served in the hands of the administrators, for the payment of the debts due from the said estate, and when said debts are paid, the remainder of said turnpike stock, or the avails thereof, are to be equally divided between the said children and heirs of the deceased, and also the land and buildings are to be so divided, which are set to the said widow, when her estate is ended.

"In witness whereof, we have hereunto set our hands and seals, at New Hartford, this 30th day of September, 1829."

It was admitted, that, after the execution of said indemnity, and said distribution and agreement, the plaintiff was compelled, by suit at law, to pay said note, and that said heirs neglecting to perform said contract of indemnity, the plaintiff thereafter procured his account and claim for said payment to be allowed by the court of probate, whose decree was, on appeal, affirmed by the superior court; and the plaintiff obtained an order of said court of probate, for the sale of real estate to pay said debt to him, being the same order before named, and the same recited in the deed of Hiram Goodwin to the plaintiff. It was agreed, that the parties to said distribution respectively entered on their respective shares of said estate, so divided to them, and occupied the same as their own divided shares; and that the defendants had, ever after said distribution, occupied the demanded premises, claiming title under said distribution and agreements.

The defendants claimed, that, upon the facts and instruments, before named, the plaintiff was estopped from setting up a title, against the title of the defendants to the demanded premises; but the court decided against the claim of the defendants, and that said matters did not constitute an estoppel; and decided, that the matters offered by the defendants, as evidence of estoppel, were not admissible for the purpose offered; and that the deed of said Goodwin to the plaintiff, was evidence of title in the plaintiff, and admitted the same as evidence.

The jury having returned a verdict for the plaintiff, the defendants moved for a new trial.

*Hubbard*, *Hall* and *Cornwell*, in support of the motion, contended, 1. That the deed to the plaintiff is void, because the order of the court of probate was not complied with. The power and trust conferred by said court must be strictly pursued. There was other estate of the deceased ; and, as the debts exceeded the amount raised by the sale, there is an apparent departure from the order of probate, and its justification must be shown by the plaintiff.

2. That while the administrator may, by virtue of an order of probate, sell, or procure the sale of, the estate of the deceased, as a general rule, yet in this case, he could not sell such of this estate as he had, by his own deed, bound himself not to sell. He is estopped by his deed of partition, bond of indemnity, and the possession of the parties to the partition, and that of their grantees. He should have resorted to *other* property of the estate of the deceased.

*Goodwin*, contra, claimed, 1. That the objection of the defendants to the validity of the plaintiff's deed, is, that the order of the court of probate to sell land, to raise a certain amount, can not be executed in parts, by several sales of distinct parcels of land, to different purchasers, but must be executed *in solido.* Such claim is not authorized by the terms of the order itself, and would frequently be inconvenient, often wholly impracticable, and is at variance with the practice in this state.

2. That the plaintiff has done nothing, except by the sanction of a court of appropriate jurisdiction, and can not be estopped from setting up a title, derived not by his own act, but under the decree of a court of competent jurisdiction. If the matter could now be considered as wholly open, there is no foundation for the claim of the defendants. The distribution was made at the same time of the agreement to

indemnify the plaintiff against the payment of the note, which payment constitutes the plaintiff's claim against the estate. The distribution was assented to by the plaintiff, in the confidence that the defendants would perform their agreement to indemnify him; and the neglect of the defendants has imposed upon him the necessity of paying the debt. The defendants can easily relieve their land from the debt, by performing the agreement.

3. That the payment of the debt by the surety, creates a debt in his favor, against the deceased, which has never been discharged or acquitted by the plaintiff. The agreement is not under seal: it is a mere collateral undertaking, intended as a recognition of the obligation of the estate, and as additional security, but is no merger of the plaintiff's claim; as was decided by the superior court, on the appeal from the court of probate. It is not now an open question.

HINMAN, J. This was an action of disseisin, to recover the possession of premises lying in New Hartford. The plaintiff's title was by a deed from Hiram Goodwin, under authority derived from the court of probate, appointing him to sell real estate of Sylvester Seymour deceased, sufficient to pay certain debts and charges, allowed by said court against said Sylvester's estate. The order empowered and ordered said Goodwin, to sell so much of said estate as should be required, to raise the sum of nine hundred and sixty-six dollars and seventy four cents; and, as the land sold to the plaintiff, by the deed under which he claimed title, was less than that sum, it is now claimed, that the deed is void upon its face, on the ground that the order to sell was not strictly complied with. We see nothing objectionable in this: we know of no rule or law, that requires an administrator to sell all the real estate he is ordered to sell, at one and the same time, and to the same purchaser. Where the sum to be raised is large, it would often be very difficult, and perhaps impossible to do so. He can not sell

more than he is authorized to sell; and where such appears to be the case, on the face of the deed, the instrument is wholly inoperative and void, it being impossible to distinguish the excess from that which was authorized, and the whole must, therefore, fall together. But, where there is no excess of authority, and the administrator conducts reasonably, we see no objection to his making sales of different parcels, to different persons, as may best promote the interests of all concerned.

The plaintiff and the defendant Sylvester Seymour, were two of the sons and heirs-at-law, of the deceased, Sylvester Seymour, and the plaintiff was one of the administrators on his estate. The debt which was the foundation of the order of sale, was a note which had been executed by the deceased, to the town of New Hartford, and the plaintiff had joined in the execution of it, as surety for his father. The heirs wished to procure a distribution of the estate, before it could be known, what debts would be allowed against it, and, so far as we know, before any administration account was settled in the court of probate. For this purpose, the administrators, on the 17th of September, 1829, made a representation to the court of probate, that certain turnpike stock, belonging to the estate, would be sufficient to pay the debts and charges that would probably be allowed against the estate, and they, thereupon, requested a distribution of all the estate, except said turnpike stock. Such a distribution was accordingly ordered, and, on the 30th of September, was made and returned to the probate court; and, on the same day, all the heirs of the deceased executed to the plaintiff an indemnity against his liability on said note to the town of New Hartford, and, thereupon, the distribution of the estate of the deceased, made as aforesaid, was assented to, by the widow, and all the heirs, and such mutual assent was indorsed upon the distribution, signed by all the parties in interest, and, being also executed under their respective seals, was also acknowledged, before the judge of

probate; and the respective shares, so distributed to them, have since been occupied and used by the distributees respectively, the defendant having ever since occupied the demanded premises, claiming the same, under said distribution. The plaintiff has since been compelled, by action at law, to pay said note, and the heirs not indemnifying him, as they had agreed, he procured his account for such payment to be allowed by the court of probate, and obtained the order of said court, to sell real estate to pay the same, which is the order under which the sale in question was made.

Upon these facts, and especially upon the distribution so agreed to, signed, and acknowledged by the plaintiff, the defendants insisted, in the court below, and still insist, that the plaintiff is estopped to set up a title in himself, against the title then acquired by the defendant; and whether he is so estopped, is the main, and only important question in the case. The agreement to indemnify the plaintiff against his liability on the note, was not under seal, and was, therefore, a simple contract merely, and did not merge his claim against the estate, for the money afterward advanced by him. We do not see, therefore, how he could have been prevented from presenting his claim against the estate for payment, or how the court of probate could have refused to allow it. Indeed, the case shows that, although the allowance of it was contested, and the order of the probate court, allowing it, appealed from, yet the claim was sanctioned by the superior court, which refused to disaffirm the decree of probate.

If the plaintiff could not be prevented from prosecuting his claim against the assets belonging to the estate generally, the question then arises, whether, in consequence of his agreement to the distribution, executed, as we have seen it was, under his hand and seal, he is precluded from doing anything which may have the effect of breaking up that distribution. The defendants claim, that the assent of the

plaintiff to that distribution, is tantamount to a covenant never to disturb, or do anything that shall in any manner affect it; but that it should, for all time, remain a distribution and division of the estate.    On the other hand, the plaintiff's claim is, that the distribution, though executed under the seal of the parties in interest, is still but a mere substitute for a distribution, effected only through the action of the court of probate : and, as such a distribution is always subject, by our law, (*Griswold* v. *Bigelow*, 6 Conn. R., 263 ; *Booth* v. *Starr*, 5 Day's R., 286 ; Kirby, 36,) to be broken up by the appearance and allowance of claims against the estate, and a sale of the estate to pay them, this distribution is liable to be similarly affected.    The equity of the case seems to favor this view of it.    The statute requires, that a distribution shall be made by disinterested persons, unless all the persons interested make a division of the same, under their hands and seals.

Now, as there are only these two modes of making a distribution, and they are both alluded to, in the same section of the statute, and the mode of making either of them effective is particularly pointed out and prescribed; it seems rather unnecessary to make any distinction in the effect which they are to have upon the rights of parties under them. And, in regard to this particular distribution, it is not unworthy of notice, that it was made at the same time the defendant, with the other heirs, made their written agreement to indemnify the plaintiff against the payment of the note he had signed with his father.    The two instruments, being parts of the same transaction, the presumption is, that the plaintiff assented to the distribution, upon the faith that the defendant, and the other heirs, would perform their agreement to indemnify him.    It is their neglect, alone, to make such indemnity, that has laid the foundation of the order to sell, and made it necessary to sell, to indemnify himself against this very claim.    The defendant could have prevented the sale, by performing his agreement to indem-

nify; and it seems rather ungracious, on his part, to resist the sale of his land, while he is refusing to do anything toward rendering it unnecessary. But we do not put the case on this ground, because we are all of opinion, that the defendants can not now take advantage of the distribution, to defeat the plaintiff, in this action. The case shows, that, in order to raise money to pay this claim, the court of probate issued an order to sell real estate. Now, although the claim was valid against the estate, yet it did not follow, that all the land of which the deceased died possessed, was liable to be sold to pay it, at the time the order to sell was issued. If the plaintiff had confirmed the title of any distributee, and covenanted that he would never, for any purpose, procure an order to sell the land distributed to him, it would seem, that he ought to be precluded from afterward selling it. But there was, in this case, no real estate, except such as was the subject of the distribution alluded to, and, if the defendants are correct in the claim which they now make, we think the proper time for them to take advantage of it, was, either at the time the order of sale was issued, or at any rate, at the time when the return of sale was accepted by the court of probate. That court had full and exclusive jurisdiction over the subject. It was competent for the defendants to have appeared before it, and objected to the order to sell; or they could have caused the order to be so qualified, as that it should not affect the land distributed to them. They could have objected to the return of sale, and have caused it to have been rejected and disallowed; and, we think, their omission to take any measures to prevent the sale, ought now to conclude them, in this action. Had a third person, not interested in the estate, purchased this land, upon the faith of an administrator's sale, upon a regular order, finding, as this order did, that the personal estate was exhausted, and that there were debts and charges, to the amount stated in the order, still unpaid, and, thereupon, ordering the real estate to be sold to pay them, we presume no one would

question the validity of his title.   If an innocent purchaser could not rely on such a sale, it is clear that no one can know, when he may safely purchase, under a probate sale. But if a third person would be safe, in purchasing under this order, we do not see why the plaintiff should not also be protected.   As between him and the defendants, we think the matter has passed under the sanction of the only court having jurisdiction over the subject.   He could have appeared, as we have seen, and resisted the application to sell the real estate of the deceased, for the benefit of the plaintiff.   There, he would have had a hearing upon the effect of the distribution, made 'in the manner it was.   That would have been a direct attack upon the plaintiff's right to procure the sale of the distributed estate, and a much better mode of contesting the propriety of the order, than to do it in this more indirect, and, therefore, more irregular manner. Had he done this, it is presumed justice would have been done him in the probate court; but if not, he could have appealed, and thus have procured a decision directly upon the legality of his claims.   We think he ought to have taken this course; and as he neglected to do so, he ought to be concluded by the proceedings, and he can not attack them in this collateral way.   We do not, therefore, advise a new trial.

In this opinion, the other judges concurred.

New trial not to be granted.