ABEL HAWLEY, JR. *vs.* OLIVER S. BOTSFORD AND OTHERS.

A claim against the estate of a deceased person, represented insolvent, founded on a contingent liability which does not become absolute until after the expiration of the time limited for presenting claims to the commissioners on the estate, is not barred by non-presentation, but may be enforced against any estate remaining after payment of the claims allowed by the commissioners.

A petition in equity against the heirs in such a case, to compel them to pay the debt, will not be sustained, although the administration account has been settled, and the surplus estate consists wholly of land which has passed into the hands of the heirs ; there being adequate remedy at law.

BILL in equity. Edwin Botsford by his endorsement guarantied the payment of a note of Sylvester Taylor to the petitioner for $150, dated Nov. 16, 1848, and payable with interest Jan. 1, 1852. Botsford died in Dec., 1848, leaving estate sufficient for the payment of all his debts and liabilities. Taylor died in 1851 entirely insolvent. The respondents were the widow and two sons (the only children) of Botsford, one of whom was his administrator. His estate had been settled as an insolvent estate, in the year 1849, commissioners having been appointed, and a period of six months having been limited for the presentation of claims and notice of the limitation published in accordance with law. The note had not been presented to the commissioners. After the payment of all the debts allowed by the commissioners, and of all charges against the estate, there remained about $2,000 in value of real estate for distribution. Dower had been set out to the widow, but there had been no distribution of the real estate.

The bill prayed that the respondents might be ordered to pay to the petitioner the amount due on the note, or that relief might be granted in some other proper mode. The superior court made a special finding of the facts and rendered judgment for the respondents; and the petitioner brought the record before this court by a motion in error.

*Beardsley,* for the plaintiff in error, after admitting that no decree could be rendered against the widow, as her right of

dower could not be affected and there was no personal estate in question, contended,

1. That the claim, being a contingent one during the whole time limited for the presentation of claims to the commissioners on Botsford's estate, could not have been proved against the estate and allowed by the commissioners. Citing Rev. Stat., tit. 14, § 55. *Pendleton* v. *Phelps*, 4 Day, 476. *Booth* v. *Starr*, 5 Day, 419, 424. *Backus* v. *Cleveland*, Kirby, 36.

2. That the claim being a valid one, and there being a balance left after paying all the debts proved against the estate, the land passed into the hands of the heirs subject to a lien in favor of the petitioner, they taking it clothed with a trust for the payment of this debt. Citing *Booth* v. *Starr*, 5 Day, 275, 283, and *Griswold* v. *Bigelow*, 6 Conn., 258.

3. That the proper remedy is in chancery, the court of probate having no power to allow the claim, and the administrator, who might be sued in an action at law in an ordinary case of a solvent estate, having settled his administration account, and the balance of the estate consisting wholly of land which had passed into the hands of the heirs ; the remedy in equity being appropriate to a case of an equitable charge on the land, and the only appropriate mode of following the property where, as here, the claim is wholly on the property itself and not on the respondents personally ; (*Pendleton* v. *Phelps*, supra;) and especially appropriate, since there is no provision whatever in the statute for the allowance of after-accruing claims by the court or by the commissioners, leaving the creditor without remedy unless he can get relief from a court of equity.

4. That the enactment of the statute of 1857, which provides that creditors shall have the same rights, as to after-accruing claims, against the surplus of any estate represented insolvent, as if the estate had been represented solvent, carries a strong implication that the law was otherwise before the statute was passed.

*Loomis* and *Warner*, for the respondents, contended that the petitioner, if his claim was a valid one, had adequate remedy at law, and therefore no need of the aid of a court of equity;—that even if the claim might be said in some sense to constitute a charge on the land, yet that the heirs in taking it, were not clothed with a trust with regard to it in any such sense as to give a court of equity jurisdiction for the purpose of enforcing the trust;—that a mere claim in the land as assets, did not make the heirs trustees in any sense; that the claim should have been presented to the commissioners and allowed by them contingently, the fact that it was a contingent one not making it any the less binding on the intestate, or any the less susceptible of proof, and that it was therefore barred by not being presented; that if not so barred, it might be proved before the court of probate, or presented to the administrator for payment, in which case the court would order the administrator, on his application, to sell so much of the real estate as was necessary to pay the debt;—and that the early cases in our reports, cited on the other side, are not applicable to the present case, inasmuch as statutes have since been passed providing for the payment of after-accruing claims, by the sale of property for the purpose; that the case of *Booth* v. *Starr*, 5 Day, 275 and 419, was virtually overruled by that of *Griswold* v. *Bigelow*, 6 Conn., 259; and that under our present statutes and decisions the surplus of an estate represented insolvent is regarded for all purposes as solvent estate; citing Rev. Stat., tit. 14, §§ 36, 51, 64. *Backus* v. *Cleveland*, Kirby, 36. *Pendleton* v. *Phelps*, 4 Day, 476. *Atwater* v. *Barnes*, 21 Conn., 242. *Seymour* v. *Seymour*, 22 id., 272. *Griswold* v. *Bigelow*, supra.

ELLSWORTH, J. From the motion it appears, that in November, 1848, Sylvester Taylor became indebted to the petitioner by the note in dispute. It bears date the 16th day of November, 1848, is for $150 payable in January, 1852, and was guarantied by Edwin Botsford who is now dead, and Oliver S. Botsford one of the respondents is his administrator. Edwin Botsford died in December, 1848,

his estate was represented insolvent, commissioners duly appointed, the time for exhibiting claims limited to six months, of which notice was given as the court directed, and commissioners made report of the claims allowed, which have been paid, and the administration account has been settled; but this note was not presented or allowed, and has never been paid, either by the maker or guarantor.

After the debts allowed by the commissioners were paid, it appeared that the estate was not in fact insolvent, but that valuable real estate remained, and still remains in the hands of said Oliver and a brother, the only heirs of said Edwin. In 1851, said Taylor, the maker of the note, died in California, entirely insolvent.

The important questions in the case are these; does the non-presentation of this note and guaranty to the commissioners on Edward Botsford's estate within the time limited, cut off the petitioner's right to recover, the estate turning out to be solvent? and if it does not, what is the proper remedy to be pursued in order to obtain payment?

As to the non-presentation, we think that is no objection, since the claim at that time was wholly contingent, and the estate proves to be solvent. The reasons for this are so fully assigned in the case of *Bacon* v. *Thorp*, though tried subsequently to this case, on the present circuit in Middlesex,* that we refer to that case rather than go at length over the ground twice. From that opinion it will appear that we hold the petitioner's claim before us to be good and enforceable, but that, as to the remedy to be pursued, we decide that it cannot be in equity, because there is clear relief at law. For which reason we think the bill was correctly dismissed in the superior court.

In this opinion the other judges concurred.

Judgment affirmed.

---

* Reported in the present volume—*post.*