EDGAR B. WAKEMAN v. JESSE PAULMIER, EXECUTOR, &c., OF ROBERT McLAUGHLIN, DECEASED.

1. Proceedings by executors and administrators to bar creditors, under the acts of February 28th, 1849 (*Nix. Dig.*, p. 308,) and March 17th, 1855 (*Nix. Dig.*, p. 653,) do not bar one whose claim arose after the time limited therein for the presentation of demands.
2. A declaration for money paid for the use of the defendant as executor and at his request, is good, and warrants a judgment *de bonis testatoris*.
3. If, to such a declaration, the defendant pleads proceedings to bar creditors under the statutes above mentioned, and thereto the plaintiff replies that the money was paid after the time limited for presentation of demands had expired, he need not also aver that assets remain in the executor's hands. It devolves on the executor to aver the want of assets.
4. Nor need the plaintiff, in such a replication, state any other fact than that he paid the money after the time limited had expired: this, with the facts alleged in the declaration, shows that he has a legal cause of action against the executor, which the statutory proceedings do not bar
5. Variance in immaterial dates as stated in the declaration and in the replication, is not such a departure as will sustain a general demurrer.

In *assumpsit*.    On demurrer to replications.

Argued at February Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and REED.

For the plaintiff, *R. Gilchrist*.

For the defendant, *J. B. Vredenburgh*.

The opinion of the court was delivered by

DIXON, J.    This is an action of *assumpsit*, in which the plaintiff relies upon a count alleging that the defendant, as executor, was indebted to him for money paid by him for the use of the defendant as executor, at his request, and that in consideration thereof, the defendant, as executor, promised to

repay him, but has not done so. To this declaration, the defendant, for his third plea, pleads an order of the surrogate to limit creditors, and due proceedings thereunder, pursuant to the supplement to the Orphans' Court act, approved March 17th, 1855, (*Nix. Dig.*, *p.* 653, § 22,) and that plaintiff neglected to exhibit his claim within the time limited, by which he insists the plaintiff was barred of remedy against him, as executor; and also, for his fourth plea, pleads similar order and proceedings, followed by a decree of the Orphans' Court pursuant to " An act for the relief of legatees," &c., approved February 28th, 1849, (*Nix. Dig.*, *p.* 308, § 2,) and the act of March 17th, 1855, above cited, (*Nix. Dig.*, *p.* 654, § 23,) and that plaintiff neglected to bring in his claim within the time limited, by force of which, he insists, the plaintiff is barred. To each of these pleas the plaintiff replies that he paid the money for which he sues, after the expiration of the time limited in the surrogate's order for the presentation of claims. The defendant demurs to these replications.

In support of his demurrer, the defendant first insists that the declaration is bad. But it has long been settled in this court, that such a declaration is good, and warrants a judgment *de bonis testatoris*. *Reeve* v. *Cawley, Ex'r*, 2 *Harr.* 415; *Stothoff* v. *Dunham's Ex'rs*, 4 *Harr.* 181.

The second position which the defendant takes, in support of his demurrer, is that although the plaintiff paid the money after the rule to limit creditors had expired, nevertheless the statutory bar excludes him from suit. It is necessary, therefore, to examine the statutes, and ascertain against whom the bar is interposed.

The twenty second section of the act of 1855, above cited, enacts that if any creditor shall *neglect* to bring in and exhibit his debt, claim or demand, within the time so limited, such creditor shall be barred; and this is the provision which the third plea sets up. The question therefore arises, whether the plaintiff appears on the pleadings to be a creditor who has *neglected* to exhibit his claim. I do not think that, consistently with any proper use of the terms, he can be so described. One cannot be said to have *neglected* to exhibit a claim, be-

fore the claim had an existence. The plaintiff could not be described as a creditor at all, at the time the proceedings to bar were taken. This statute does not extend to a person who was not a creditor having a claim which could be presented before the expiration of the time limited: save, of course, that a person may be barred, from the fact that he merely stands in the place of one against whom the limitation has run.

Nor is the defence set up by the fourth plea available against the plaintiff's demand. The decree there pleaded by force of the statute authorizing it, (*Nix. Dig.*, *p.* 308, § 2,) bars all creditors who have not brought in their claims within the time limited. But still this decree only bars creditors, *i. e.*, then existing creditors. It cannot apply to one·who was not a creditor till after it was made. If any further demonstration of this evident proposition were needed, it is to be found in that clause of the same section which requires the creditor to bring suit to establish his claim, within three months after notice from the executor that his demand is disputed, and in the following section, which directs that the claim must be presented in writing, specifying the amount claimed and the particulars of the claim, or the bringing in of the same shall be of no effect. That the legislature could not have required such things of a man before his claim had an existence, is not to be gainsayed. And these provisions are, by the twenty-third section of the act of 1855, before mentioned, (*Nix. Dig.*, *p.* 653,) made applicable to the proceedings on which the third plea is based, to the same extent as to the proceedings averred in the fourth plea.

The defendant further contends that no payment by the plaintiff could give him a claim against the executor, recoverable *de bonis testatoris*, unless it were made on account of some pre-existing liability of the estate, and that unless that pre-existing liability had been kept in force by presentation under the statute, any suit against the executor, founded upon it, must be precluded. But I think it clear that such a liability might exist, and not be barred, although not pre-

sented. Suppose the plaintiff and the testator had made a joint covenant with A, that he and his heirs should have peaceable possession of a farm, and A had enjoyed peaceable possession until after the decree of the Orphans' Court barring creditors, and then had been lawfully evicted, and afterwards had recovered indemnity from the plaintiff, certainly the plaintiff's claim for contribution would not be barred. Before the decree, neither A nor the plaintiff could have exhibited a claim specifying its amount and particulars; nor, if the executor had disputed the claim, could either of them have maintained suit. Such a demand is not one which the legislation was intended to reach. And if, at the date of the decree, an immature negotiable note of the testator were outstanding, and afterwards, before maturity, it came to the hand of a *bona fide* purchaser for value, I do not see how the purchaser could be considered as barred, for the reason that he would stand, not in the stead of any former holder, but on his own personal rights arising after the decree, and if the plaintiff, at the defendant's request, paid such a note to such a purchaser, he might, I think, maintain his present suit. Doubtless many other hypotheses may be made, in which a plaintiff could recover, notwithstanding the decree.

Similar statutes have received like construction in other states. *Backus* v. *Cleavland, Kirby* (*Conn.*) 36 ; *Pendleton* v. *Phelps et al.,* 4 *Day* (*Conn.*) 476 ; *Booth* v. *Starr,* 5 *Day* (*Conn.*) 419 ; *Griswold* v. *Bigelow,* 6 *Conn.* 258 ; *Hawley* v. *Botsford,* 27 *Conn.* 80 ; *Bacon* v. *Thorp,* 27 *Conn.* 251 ; *Chambers' Adm'rs* v. *Smith's Adm'rs,* 23 *Mo.* 176.

Nor is there force in the defendant's contention that the replications do not show that the executor has assets in hand, or that the claim, to satisfy which the plaintiff paid the money sued for, was one not barred by the statutory proceedings set up in the pleas. The want of assets is to be affirmatively shown by the executor, by a plea of *plene administravit,* and in the absence of such an averment by him, their sufficiency is to be assumed, at least for all the purposes of pleading. The cases already cited from Harrison's Reports establish the

principle, that when a plaintiff avers that he paid money for the use and at the request of an executor, he states facts which show that, by that payment, he acquired a valid legal claim against the executor, to be satisfied out of the testator's estate in his hands. The declaration and replications in this case, therefore, show that the plaintiff acquired such a claim against this executor, after the time limited by the statutory proceedings. It is not necessary for the plaintiff to allege the special circumstances by which he expects to establish the facts that he paid the money; that the payment was at the defendant's request, and for his use as executor. It is enough for him that he states, in his replications, a fact which, if true, takes him out of the class of those persons whom the condition of things pleaded in the pleas affects. Doing that, he so far assumes the position of a creditor at common law.

The defendant further insists, that as the statute enacts that the decree of the Orphans' Court shall be conclusive against all persons whatever, therefore the plaintiff should not be permitted to obtain a judgment against the estate while it stands, as that would impeach it collaterally. But this is a mistaken apprehension of the conclusiveness of the decree. It only concludes all questions as to propriety and regularity of the proceedings on which it rests. *Ryan* v. *Flanagan, Adm'x*, 9 *Vroom* 161.

It is said that the fixing of one date for the payment in the declaration, and another in the replications, is a departure which entitles the defendant to judgment on his demurrer. But it is one of form only, and general demurrer does not reach it.

The plaintiff should have judgment, with costs.