DAVIS (THORNTON v.). See Case No. 13,998.

DAVIS (UNITED STATES v.). See Cases Nos. 14,923–14,932.

---

## Case No. 3,655.

### DAVIS v. VAN SANDS.

[45 Conn. 600.]

District Court, D. Connecticut.     Feb. Term, 1879.

ADMINISTRATORS — DEVASTAVIT — DEBTS PROVED AFTER DISTRIBUTION—HOW ENFORCED.

[1. Failure of an administrator, on distributing the estate, to take from the distributees a bond for the payment of any debts subsequently shown, as provided by the act of 1699 (Gen. St. Conn. 374), is not of itself sufficient ground for holding the administrator guilty of a devastavit, especially as the statute has been practically disused for the last 50 years.]

[2. When a debt is proved against an estate after the real and personal estate has been distributed, the administrator can, as a general rule, under the Connecticut practice, obtain an order from the probate court to sell so much of the real estate, in the hands of an heir, as may be necessary to pay the debt; but that court has no adequate power to enforce payment from personal estate which has been distributed.]

[3. An administrator who has distributed personalty by order of the probate court, and not voluntarily, may bring a bill in equity to compel the distributees to contribute, to the extent of the personalty so received, for the purpose of paying a debt newly accrued, although there is real estate in the possession of the heirs or their alienees which has not been sold to pay debts.]

[4. A creditor whose debt accrued after the time limited by the probate court for the exhibition of claims and who has obtained a judgment against the executor or administrator, may himself bring a bill in equity to compel the distributees to contribute to the extent of the personalty received by them.]

---

[1] [Reprinted from 7 Reporter, 484, by permission.]

[2] [From 36 Leg. Int. 176.]

This was an action of debt by one Davis, receiver of the Ocean National Bank, against defendant, Van Sands, administratrix of the estate of Horace Van Sands. The action was brought on a judgment previously obtained against the administratrix, and plaintiff now suggests a devastavit.

W. Howe, for plaintiff.
C. E. Perkins, for defendant.

SHIPMAN, District Judge. The plaintiff, as receiver of the Ocean National Bank, heretofore recovered judgment in this court, payable out of the estate of the intestate, against the defendant as administratrix of the estate of Horace Van Sands, for the amount of an assessment upon the stock of the intestate in said bank. The claim of the plaintiff accrued after the time limited by the court of probate for the presentation of claims, and after the distribution of real and personal estate of about the value of $33 000 among his heirs under the order of the probate court. The facts were similar to those in the case of Davis v. Weed, 44 Conn. 569. Execution was issued and was returned unsatisfied.

The plaintiff has now brought an action of debt upon the judgment against the defendant as administratrix, suggesting a devastavit. Judgment is sought de bonis propriis. If the defendant has been guilty of waste and mismanagement of the estate and effects of the deceased, she is liable in this form of action. Wheatley v. Lane, 1 Saund. 216, note 2; Olmsted v. Clark, 30 Conn. 109. The devastavit which is suggested in the declaration is that the defendant did not exact and receive from either of the distributees the bond, which is authorized by the statute (Gen. St. Conn. § 374), with surety to the state, to the acceptance of the court of probate, conditioned that if, after the settlement of the estate, debts shall appear and be allowed, he or she will pay to the administratrix his or her proportional share of such debts and of the charges of the administratrix. This statute was enacted in 1699. The first statute authorizing courts of probate to limit a time within which claims should be presented against solvent estates was passed in 1782. Previously, creditors of solvent estates could present their claims as if the debtor was living. In Griswold v. Bigelow, 6 Conn. 258 (decided in 1826), the court said that "since the legal authority given to the court of probate to limit the exhibition of demands" it was not usual to take such a bond. I am satisfied from inquiry of some of the oldest and most experienced lawyers of the state, that the statute has been practically disused for nearly fifty years. This being the history of the statute and of the practice under it. it would be manifestly improper to find an executor or administrator guilty of a devastavit from the mere fact that such a bond had not been taken.

The question still remains as to the manner of procedure for enforcing payment of the judgment. This question, although one of much practical importance, has not been presented for judicial determination in this state in the various phases in which it arises in practice. It is the duty of the administrator to pay the debts, and to take the steps which are necessary to accomplish that result. If he refuses, he can be be removed and a new administrator can be appointed. The principle which subjects the real estate which has descended to the heir from the ancestor to the payment of his debts is stated in Griswold v. Bigelow, 6 Conn. 258, substantially as follows: The real estate of a person deceased is a fund for the payment of debts, upon deficiency of personal assets, and the land remains subject to a lien for this purpose after distribution and alienation to a bona fide purchaser. This lien, though not perpetual, continues for a reasonable time after the claims accrue, and is not defeated except by the neglect or laches of the creditor. The heir receives title from the ancestor subject to the lien of creditors, and cannot aliene the land to their prejudice, provided they are not guilty of laches in the enforcement of their claims. Watkins v. Holman, 16 Pet. [41 U. S.] 25; Ricard v. Williams. 7 Wheat. [20 U. S.] 59. The ordinary mode in the United States of making real estate available to pay the debts of the deceased owner is through the executor or administrator, who is directed by the court of probate upon a deficiency of personal estate to sell so much of the land as will be sufficient to pay the remaining debt. In some of the states, by statute, an execution upon a judgment against the executor de bonis testatoris may be levied upon the lands in possession of the heir. 1 Greenleaf's Cruise, 60, note; Gore v. Brazier, 3 Mass. 523. In this state, when the personal estate has been exhausted, or has been distributed, and after the distribution of the real estate, the administrator can as a general rule obtain an order from the court of probate to sell so much of the real estate as shall be sufficient to pay the debts which accrued after the death of the debtor, and which from their nature could not have been presented within the time limited for the exhibition of claims. and which have been thereafter duly presented for allowance as provided by statute, together with the charges allowed by the court. The heir whose land is sold by the executor or administrator may have contribution from the other heirs, aequali jure. Griswold v. Bigelow, 6 Conn. 258; Seymour v. Seymour, 22 Conn. 272.

I am of opinion that a court of probate in Connecticut possesses no adequate power, after distribution, to enforce payment of this class of claims from personal estate which has been under its order distributed to heirs or legatees. Although personal estate in the hands of the administrator is the primary fund for the payment of debts, the creditors have no specific lien

upon it, as they have upon real estate. The legal title to personal estate vests in the administrator and is changed by a distribution to the heirs. Their right on the death of the intestate is a vested and transmissible equitable right, subject to the exhaustion of the property by the payment of debts and charges; they receive the legal title and possession through the medium of a distribution. Griswold v. Bigelow, 6 Conn. 258; Kingsbury v. Scovill, 26 Conn. 349. The court of probate does not seem to have been vested with authority, after a distribution of personal property, to compel a reconveyance by the heirs, or a sale by the administrator, or to compel a contribution. It cannot enforce a decree against the heirs by attachment for contempt, unless authorized by statute. But the administrator or executor who has conveyed the personalty in obedience to the order of the court of probate, and not by his voluntary act, may bring a bill in equity to compel the heirs who received such estate to contribute to the extent of the estate so received, and pay the newly accrued debt, and the expenses of the representative in defending against the claim. 1 Story, Eq. Jur. § 503; Lupton v. Lupton, 2 Johns. Ch. 614. The executor or administrator may bring such a bill, although there is real estate in the possession of the heir or alienee which has not been sold by order of the court of probate.

The creditor whose right of action accrued after the time limited by the court of probate for the exhibition of claims, and who has obtained judgment against the executor in a suit instituted within the statutory time, may also proceed by bill in equity against the heirs or legatees of a solvent estate who have received personal estate from the representative, for contribution to the extent of the estate which they have received. Booth v. Starr, 5 Day, 419.

The general principle that creditors of an estate have a remedy in chancery after distribution against legatees for contribution has been elsewhere well recognized. 1 Story, Eq. Jur. § 503; Riddle v. Manderville, 5 Cranch [9 U. S.] 322. The second case of Booth v. Starr, in which the property in the possession of the guardian of the sole heir was personal property, has not been overruled or dissented from by the courts of this state. The other modern Connecticut cases in regard to the means of enforcing payment of a claim against a deceased person's solvent estate which accrued after settlement, were cases in which there was distributed or undistributed real estate in the possession of the heirs, or in which there was personal property of the estate in the hands of the executor. In such cases it is said that the remedy must be by suit against the administrator or executor, if he refuses to pay the debt. After judgment, the real estate can be subjected to the payment of the debt. No method of reaching the real estate has been pointed out except by sale through the intervention of the court of probate. Bacon v. Thorp, 27 Conn. 251; Hawley v. Botsford, Id. 80. When personal estate has been distributed, the heirs can be made to contribute and pay the creditor, after judgment in an appropriate suit has been obtained against the representative, and contribution can be obtained by bill in equity. If both real and personal estate have been distributed, it is not necessary that the real estate should be exhausted before the creditor can bring his bill in equity against the heirs for contribution.

It has been suggested that the real estate in the possession of the heirs may be subjected to payment of the judgment debt by scire facias prayed out by the creditor, upon the ground that the heirs have become chargeable with payment of the judgment, and that execution upon the scire facias may be levied upon the real estate. I do not examine this question, because the general practice in the United States seems to have been to subject lands to the payment of debts through the intervention of the courts of probate, unless some other course is authorized by statute.

Let judgment be entered for the defendant.