Manuel Rose 
vs. 
Socony-Vacuum Corporation } Law No. 89685.

June 20, 1933.

WALSH, J. Heard on defendant's demurrer to amended declaration and motion to strike out part of said declaration.

There are fifty-two grounds for demurrer alleged by defendant. The amended declaration is in one count and alleges that for more than 30 years prior to and in June 1930, plaintiff owned and occupied a farm of about 57 acres, with buildings, etc., thereon, on the northerly side of Wampanoag Trail in the Town of East Providence, Rhode Island, upon which he raised large crops and produced hogs and chickens in substantial amounts; that on said farm was one well which up to the time of the alleged wrongful acts of defendant furnished an unfailing supply of pure drinking water to the occupants of said farm; that on the westerly side of the farm was a natural stream of water which was and is fed in part by water on a tract of land of defendant situated on the southerly side of said Wampanoag Trail, about opposite to and at a higher elevation than the farm of the plaintiff; that this natural stream of water on plaintiff's farm was fed by means of percolation of waters from the land of defendant in, under and through defendant's land and said Wampanoag Trail to, in, under and through part of plaintiff's farm to the beginning of the surface stream on the farm of plaintiff near said highway; that defendant built a large refinery for refining petroleum and a large number of tanks for the storage of the same upon its land on the southerly side of said highway; that in the operation of said refinery and storage tanks, defendant from time to time permitted to be discharged on its own land and into settling basins and various bodies of water petroleum products and waste substances to such an extent that its own land and the waters therein and thereon became contaminated and polluted; that it was the duty of defendant not to suffer or permit said waters in their polluted, contaminated and corrupted condition to be discharged or to escape from its own land to adjoining or neighboring land, thereby creating a nuisance upon said adjoining or neighboring land. The breach of duty alleged is that defendant suffered and permitted from time to time large quantities of polluted, contaminated and corrupted substances and waters to escape from its own land by means of percolations thereof through defendant's land, under the highway and into and upon the farm of plaintiff and into the well and stream upon the farm of plaintiff,

whereby plaintiff was greatly damaged, etc.

For the purposes of this discussion, we shall consider these several grounds of demurrer in eleven groups.

Paragraphs 1, 2 and 8 allege in substance that the declaration states no cause of action against defendant; that it does not appear in and by said declaration that defendant is legally liable to plaintiff in any way; that plaintiff does not set forth such facts as would entitle him to recover. In support of its contention in this regard, defendant relies, first; upon the case of *Dillon* vs. *Acme Oil Co.*, 49 Hun. (N. Y.) 565, in which the Court held that in the absence of negligence and of knowledge as to the existence of substerranean water courses, where the business is legitimate and conducted with care and skill, there can be no liability if such subterranean courses become contaminated; second: upon the case of *Brown & Brothers* vs. *Illins*, 27 Conn. 83, 94, where the Court held that ownership of land sanctioned and justified the use of it whereby particles of noxious matter deposited on defendant's land were carried by rains into the subterranean currents or streams beneath it and thence into plaintiff's land, and thereby destroyed a well of plaintiff. The Court decided that, although attended with damage to the plaintiff, so far as these consequences depended on or resulted from the operation of subterranean streams or currents through his land, defendant was not liable; and, third: particularly, upon the finding of Judge Cooley in *Upjohn* vs. *Richland Township*, 46 Mich. 542, 549, in which Judge Cooley says:

"But if withdrawing water from one's well by an excavation on adjoining lands will give no right of action, it is difficult to understand how corrupting its waters by a proper use of adjoining premises can be actionable, when there is no actual intent to injure, and no negligence. The one act destroys the well and the other does no more; the injury is the same in kind and degree in the two cases."

In *Buffum* vs. *Harris*, 5 R. I. 243, 245, our Supreme Court seems to have approved this statement of the law.

It must be clearly kept in mind that this declaration refers to *percolating* waters and does not charge that a stream, whether surface or subterranean, was involved. The doctrine contended for by plaintiff had its origin in the case of *Rylands* vs. *Fletcher*, L. R. 3 H. L. 330. That case held, in substance, that if a person brings or accumulates on his land, anything which, if it should escape, may cause damage to his neighbor, he does so at his peril. If it does escape and cause damage, he is responsible. The application of this drastic rule of the English court has met with strong opposition in this country. In *Lasee* vs. *Buchanan*, 51 N. Y. 476, *Brown* vs. *Collins*, 53 N. H. 442, the American courts repudiated the doctrine and refused to follow it. Professor Jeremiah Smith, in 30 Harvard Law Review at page 411, says that the criticism of Doc, J., of the doctrine of *Rylands* vs. *Fletcher* in *Brown* vs. *Collins*, 53 N. H. 442, 448, has never been satisfactorily answered. Dean John H. Wigmore in Harvard Law Review 455, note 3, refers to the opinion of Doc, J., in *Brown* vs. *Collins*, as a masterly opinion. Other cases in support of this position are:

*Moore* vs. *Berlin Mills Co.*, 74 N. H. 305;

*Marshall* vs. *Welwood*, 38 N. J. L. 339;

*Ainsworth* vs. *Lakin*, 180 Mass. 397 at 399;

*Kaufman* vs. *Boston Dye House, Inc.—Adr. sh.* (1932) 1445, 1449; 182 N. E. 297 at 299.

Thus, it would seem that the rule of absolute liability for which the plaintiff contends has been repudiated

in most American jurisdictions, has been greatly limited in England, where it originated, and has been greatly modified and. limited in those few American jurisdictions in which it has been recognized.

The reasoning of the Courts opposed to the rule laid down in *Rylands* vs. *Fletcher* seems to us logical and persuasive. It would seem, therefore; that damage caused by polluted percolating waters is actionable only when there is an intentional negligent or malicious pollution.

Grounds of demurrer 1, 2 and 8 are therefore sustained.

Grounds 3, 4, 5, 11, 12, 13, 14, 24, 25, 26, 27, 31 and 36 are substantially to the effect that defendant is not liable because the declaration does not show any negligence or trespass, or any unlawful or unreasonable use of its land, or any illegal act by it, but shows the plaintiff's injuries to be damnum absque injuria.

In disposing of grounds of demurrer 1, 2 and 8, we found that the defendant was not liable to the plaintiff under the statements contained in the declaration unless the percolation causing the injury to plaintiff was due to negligence, intention of malice on the part of defendant. The declaration says in substance that it was the defendant's duty to confine to its land and not suffer or permit to escape therefrom, polluting substances and polluted waters to adjoining or neighboring land and thereby create a nuisance thereon. There is no statement of negligence, intention or malice on the part of defendant in suffering or allowing the polluting substances to escape. Under our view of the law, one of these elements must be stated to make a declaration effective. Hence, grounds of demurrer numbered 3, 4, 5, 11, 12, 13, 14, 24, 25, 26, 27 and 31 are sustained

Grounds 7 and 9 for demurrer are to the effect that the declaration does not allege any intentional or malicious act on the part of defendant. A negligent act or an intentional act or a malicious act, one of the three, must be the basis of the liability upon defendant in order to make an effective declaration.

Grounds 7 and 9 are sustained.

Grounds 32, 33 and 34 are to the effect that the declaration does not show that the action was brought within the time allowed for bringing such nuisance action.

In nuisance actions, the Statute of Limitations begins to run from the time the nuisance and damage result to or on the neighboring land. The declaration states that the nuisance and injuries as to plaintiff's land, well and stream began in June, 1930, and the suit was commenced in September, 1932, well within the period limited for actions of trespass on the case.

46 C. J. 802;

Joyce on Nuisances, Sec. 55, p. 93;

*Sterrett* vs. *Northport Mining & Smelting Co.*, 30 Wash. 164, 176;

*Churchill* vs. *Burlington Water Co.*, 94 Iowa 89.

Grounds 32, 33 and 34 for demurrer are overruled.

Grounds 20 and 21 for demurrer are to the effect that the declaration does not show that the plaintiff's land abuts on the defendant's land and therefore plaintiff does not have the rights of an abutting owner.

The general rule is that there is no limitation to proximity, and that the liability for a nuisance extends to any damaged estate or property however far distant from the premises from which the nuisance emanates, if the noxious substance can be traced to its origin and the owner of the estate or property is injured thereby and not merely as one of the public.

*Payne & Butler* vs. *Prov. Gas Co.,* 31 R. I 295.

Grounds 20 and 21 for demurrer are overruled.

Ground 52 for demurrer is that the declaration does not deny "Any nat-

ural or prescriptive right upon the part of defendant in the premises." This is a matter of defence and cannot be raised on a speaking demurrer.

> 1 Chitty on Pleading, p. 662;
> 13 Encyc. Plead & Pr., p. 290;
> *Sprague* vs. *Rhodes*, 4 R. I. 301, 311, 312;
> *Aldrich* vs. *Howard*, 7 R. I. 89, 90.

Ground 52 for demurrer is overruled.

Ground 6 for demurrer is that the declaration does not allege any notice by plaintiff to defendant of the matters complained of.

By the overwhelming weight of authority, the general rule is that the person erecting or causing the nuisance is not entitled to notice and demand to abate the same before action brought. An action may be *maintained* against a party who continues a nuisance erected by another without a request to abate it. If the defendant continues the nuisance, though not erected by him, he is liable. Whether there be in fact a continuance of the nuisance by the defendant is a question of evidence.

Ground 6 for demurrer is overruled.

Grounds 10, 15, 22, 23, 28, 29, 30, 48 and 49 are to the effect that the declaration does not show causal connection with or deny that there was no intervening or other cause for the pollution, or allege or show that the acts of defendant were the proximate cause of the damage.

When the declaration expressly states a cause for the damage to plaintiff, it is not necessary to allege that there was no intervening or other cause.

> *City of Fort Worth* vs. *Crawford*, 74 Tex. 404, 405.

Grounds 10, 15, 22, 23, 28, 29, 30, 48 and 49 are overruled.

Grounds 15, 17, 18, 19, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 50 and 51 are to the effect that the declaration and certain parts thereof are vague and not sufficiently definite.

Demurrer on above grounds is overruled.

Ground 16 for demurrer is overruled.

Ground 46 for demurrer is overruled.

The motion to strike out the paragraph in the declaration next preceding the ad damnum clause is denied.

Defendant moves to strike out of the first count in the first line of the second paragraph on page one of the amended declaration the words: *"for more than 30 years prior to and;"* also, on page two of said declaration the following: *"which tract of land with the buildings thereon was conveyed by Socony-Vacuum Corporation to said defendant Standard Oil Company of New York, Inc., by deed dated February 29, 1932, and recorded in the office of the Town Clerk of said East Providence on March 7, 1932;"* also, on page two of said amended declaration the following: *"* * * said Standard Oil Company of New York, Inc. * * * acquired under said deed said tract of land and a large oil refinery thereon consisting * * * and soon after it acquired the same, it used and operated the same and carried on its business there * * *."*

The ground alleged for the motion is that since it appears from the declaration itself that defendant acquired the property February 29, 1932, its liability to plaintiff, if any exists, arose at the earliest in March, 1932, hence the above statements are surplusage. The plaintiff has declared apparently upon the theory of a nuisance. This may mean the creation of a nuisance or the continuance of a nuisance already in existence. The statement of the time of ownership by plaintiff prior to the deed to defendant is more than description, it may have a material bearing upon the liability and damage. So, too, the other clauses objected to may have a bearing upon the question of the creation of or the continuance of a nuisance. Taking this view, we must refuse to strike out of the declaration the quotations above referred to.

Defendant further moves to strike out in the last three lines on page one and the first two lines of page two of the amended declaration the following: *"formerly of the Standard Oil Company of New York, a New York corporation, whose name was legally changed on, to wit, July 30, 1931, to the name Socony Vacuum Corporation, and which * * * ."*

All persons concerned in the commission of a nuisance are liable for the damage caused thereby. Where damage is the result of the acts of several persons acting independently and not in concert, they are not jointly liable. The Standard Oil Company of New York, Inc., is defendant here and is not liable for the acts of any of its predecessors in title. This phrase should be stricken from the declaration.

Defendant further moves that the whole of paragraph two of the second count of the amended declaration be stricken out on the ground that it sets up the acts and omissions of a third party, not a party to this suit, as a ground of recovery we find this ground valid and the said paragraph is stricken out.

Defendant further moves to strike out of the second count of the amended declaration the first fifteen lines of paragraph three thereof, excepting the last word in the fifteenth line. In this portion of the paragraph referred to, the plaintiff seeks to link up two corporations as being responsible for the original cause and continuance of damage to plaintiff and alleges that the present defendant is chargeable with notice of the conditions for which these two former owners of the land were responsible.

The fact that one corporation is a subsidiary of another and that the latter owns all the capital stock of the former and that both have the same board of directors does not make either corporation liable for the torts of the other, where no agency is alleged.

The section of the paragraph referred to may be stricken from the amended declaration.

The motion of defendant to strike out on page nine of amended declaration the last word in the first line and lines second to seven inclusive, excepting last word in seventh line, is granted. It seems to us that this phrase seeks to charge defendant with acts and omissions of its predecessors in title for which it was in no way responsible according to the declaration.

For plaintiffs: Baker & Spicer-Needham-Baker.

For defendant: Francis I. McCanna.