H. T. MAXWELL, Adm'r, &c., v. SAMUEL CRAFT, Adm'r.

1. EXECUTOR AND ADMINISTRATOR: POWER OF, TO EXECUTE REFUNDING BOND.—The administrator of a deceased distributee may execute a refunding bond, so as to

entitle him to receive the distributive share of his intestate, before final settlement.

2. SAME: DISTRIBUTION: WHEN PROPER TO A DECEASED DISTRIBUTEE'S HEIR.—If a distributee die before receiving his distributive share, leaving the same heirs as the intestate, and owing no debts, and owning no property but his distributive share in the intestate's estate, distribution of his estate ought to be made directly to the heir, and not to his administrator.

APPEAL from the Probate Court of Tippah county.   Hon. James Ragan, judge.

*O. Davis*, for appellant.

*J. F. Cushman*, for appellee.

SMITH, C. J., delivered the opinion of the court.

It appears from the record, in this case, that John Fowler died, sometime during the year 1851, and that Mrs. Mary Fowler, his wife, administered upon his estate.   He died leaving one child, an infant son.   Mrs. Fowler died, in 1852, and letters of administration *de bonis non*, were granted to Samuel Craft, the appellee, upon the estate of John Fowler, who took into his possession the unadministered effects of his intestate, consisting of a number of slaves, and other personal property.   Craft, was also appointed guardian of the infant, who is the sole distributee of both his father and mother.

H. P. Maxwell, the appellant, took out letters of administration upon Mrs. Fowler's estate, who upon her husband's death, became entitled to her statutory portion of his estate; her interest in which constituted her entire property.   Maxwell, in 1855, filed his petition in the Court of Probates of Tippah, praying a distribution of Fowler's estate, between himself as the administrator of Mrs. Fowler, and the infant; and offering to give a refunding bond. His petition was dismissed, and an appeal taken to this court.

The ground upon which his application was refused, was his assumed inability to execute a refunding bond which would be binding upon his intestate's estate.   If this were so he could, nevertheless, have given a bond which would be obligatory upon

him in his personal character. If he offered to give bond with sufficient security, it was all the statute required. It could not make the least difference to any one interested in the estate of Fowler, whether he was bound personally or as an administrator. But, notwithstanding, we think his petition was properly overruled.

Upon the death of Fowler, his widow and their only child became equally and jointly interested in his personal estate. On Mrs. Fowler's death, her whole property would go to her son. And although upon the dying of any person, intestate, the legal title to his chattels personal vests in his administrator, first for the payment of debts, and then for distribution; yet in this case, as Mrs. Fowler owed no debts when she died, and as her undivided interest in Fowler's personal property, the legal title to which was vested in Craft, constituted her entire personal estate, there was no necessity whatever for an administration of her estate. The child was the sole distributee and heir-at-law of both husband and wife. And it is not to be questioned, that the naked legal title, which may be supposed to exist in the appellant, could not form the least objection to a delivery to him, by way of distribution of the whole estate, in the hands of Fowler's administrator.

Decree affirmed.