# CHARLESTON.

CARPER *et al.* *v.* COOK.

Submitted January 13, 1894.—Decided April 11, 1894.

1. SPECIAL JUDGE.

     A judge selected under the provisions of chapter 112 of the Code to try a certain case, who does try such case, becomes the court with regard to such case for all purposes and may sign bills of exceptions therein within thirty days after the adjournment of the term, at which the trial is had, in all respects as though he were the regular judge of such court.

2. OFFICER—CONTRACT.

     Where a public officer (state or national) in his official capacity makes a contract for the public benefit, even though he makes it

in his individual name, such contract is not his individual contract and can not be sued on as such, but is the contract of that particular branch of the government of which he is the agent.

3. EJECTMENT.

A vendor, who sells a lot to a board of education for school purposes and signs a writing stating the purchase and the terms thereof, can not recover possession of such lot in an action of ejectment from a claimant under such board of education, even though such lot has been abandoned for school purposes and converted to other uses.

BROWN, JACKSON & KNIGHT and OKEY JOHNSON for plaintiffs in error cited 18 W. Va. 598; 4 H. & M. 57; 11 Gratt. 572; 27 W. Va. 762; Code, c. 71, s. 3; 5 Gratt. 110, 119; 8 Leigh 162; 7 W. Va. 36, 40; 1 Ohio 180; Code, c. 90, s. 20; 25 W. Va. 238 (p't 1, Syll.) 243; 19 W. Va. 408; 24 W. Va. 362; Code, c. 45, s. 33; 102 U. S. 333; 10 Gratt. 445; 8 Leigh 697; Code, c. 112, s. 11, 12; Id. c. 131, s. 9.

W. A. PARSONS for plaintiffs in error cited 16 W. Va. 110; 17 Wis. 169; 22 Wis. 120, 127; 27 W. Va. 662 (p'ts 6, 7, Syll.) 669–671; 116 Pa. St. 194; 23 W. Va. 194; 11 Gratt. 587; 22 W. Va. 120, 126, 127; 15 Am. & Eng. Enc. L. 1060; 4 Leigh 327; 12 W. Va. 183; Code, c. 45, s. 33.

R. F. FLEMING and J. G. SCHILLING for defendant in error cited 30 W. Va. 27; 26 W. Va. 455; 18 W. Va. 579.

DENT, JUDGE:

This is a writ of error granted to a judgment of the Circuit Court of Roane county rendered on the 6th day of September, 1892, in an action of ejectment, wherein C. H. and S. V. Carper are plaintiffs, and B. S. Cook is defendant. The judgment was for the plaintiffs; and the defendant assigns a large number of errors argumentatively and at such length, that in my view of the case it is wholly unnecessary to set them out in *hacc verba* and consider them separately, as they would greatly incumber the report of the case without any corresponding benefit to individuals or the public.

The plaintiffs interpose an objection to the bills of exceptions, which must be first disposed of; and that is, that

after the adjournment of the court the powers of the Honorable Warren Miller (who was specially chosen in the manner provided by law to perform the duties of the judge of such court in the trial of this case) ceased, and he could not then sign the bills of exceptions, and they were therefore invalid.

Section 12, c. 112, of the Code, provides, that " every judge so elected or agreed upon shall have and possess the same powers and perform the same duties in all respects as the regularly elected judge of such court, during the time he shall act in pursuance of such election or agreement." Section 9, c. 131, of the Code provides, that "the court may in vacation within thirty days after the adjournment of the term make up and sign any bill of exceptions." The word "court" here is meant the judge, who presided at the trial of the case, whether regular, special or *pro tempore.* As to such case he remains the court until everything is done therein, that a court may do. In other words his powers as such court do not cease, in so far as signing bills of exceptions is concerned, until thirty days after the adjournment of the term, at which such case was tried. This is the plain letter of the law, as enacted by the legislature.

Defendant's first assignment of error as to the amendment of the declaration is wholly unfounded, as the court has the right to allow the amendment of the pleadings at any time, "if substantial justice will be promoted thereby." Code, c. 125, s. 12.

All the other assignments of error may be considered under the motion for a new trial for the reason that the verdict was contrary to law and evidence.

The first question that presents itself is :—In whom does the undisputed testimony and legal evidence show the title of the lot to be (such title as is sufficient to maintain or defeat an action of ejectment) ? It is conceded by the parties to this suit, that the "board of education of Geary district," Roane county, had open, notorious, undisturbed and continuous possession of this lot from the year 1874 to the year 1890, and that during all that time—a period of sixteen years—no one disputed its title, its right to possession or right of control over the property. Being a branch of the

state government it was not required to pay taxes. The plaintiffs claim that the board took possession of said lot in the year 1874 by virtue of a parol or verbal contract with them, by which it was to have the same for school purposes, and whenever it ceased to be used for such purposes, it was to revert to them. But the defendant produces in evidence, after proving the same to the satisfaction of the court, a written article of agreement made on the 26th day of December, 1874, between the plaintiffs and James Keen, president of the board of education of Geary district, Roane county, W. Va., for this same lot, in words as follows, to wit:

"Article of Agreement. Article of agreement made and entered into between C. H. and S. V. Carper and James Keen, president of the board of education of Geary district, Roane county, W. Va.: The conditions of this agreement are such that for and in consideration of the sum of ten dollars paid by the said James Keen, president of said board of education, to said C. H. & S. V. Carper, the said C. H. and S. V. Carper bind themselves and heirs, &c., to make to said James Keen, president of board of education of Geary district, a good and sufficient deed to a certain lot of land situated at the southwest end of the bridge, at the mouth of left-hand fork of Sandy, in the county of Roane, and state of West Va., containing between one half and three fourths of an acre, being the same lot of land surveyed by Henry Stump for D. W. Ross off of James Patton survey.

"Witness our hands and seals this 26th day of December, 1874.

"C. H. & S. V. CAPER. [Seal.]
"JAS. KEEN, PRES. B. E. [Seal.]"

Indorsed on the back of agreement, the following:

"I hereby assign all the right, title and interest, that I have or ever had in this instrument, to B. S. Cook.

"JAS. KEEN."

S. V. Carper admitted this contract to be all right, if his brother signed it, which was proven on the trial, and therefore it stands undisputed.

The court instructed the jury that this agreement on its

face was an agreement between the plaintiffs and said Keen and was not an agreement of the plaintiffs and the board of education of Geary district. This instruction was correctly given, had it been in relation to a matter of mere private agency; "but a very different rule in general prevails in regard to public agents." In Story, Ag. §§ 302, 303, the law on this subject is summarized as follows, to wit:

"302.—A very different rule, in general, prevails in regard to public agents, for, in the ordinary course of things, an agent contracting in behalf of the government or of the public is not personally bound by such a contract, even though he would be, by the terms of the contract, if it were an agency of a private nature. * * * By parity of reasoning, upon any such contract entered into by a public agent on behalf of the government, no suit lies by him; but it must be brought against the contracting party, in the name of the government." "303.—This principle not only applies to simple contracts, both parol and written, but also to instruments under seal, which are executed by agents of the government in their own names, purporting to be made by them on behalf of the government; for the like presumption prevails in such cases—that the parties contract, not personally, but merely officially, within the sphere of their appropriate duties."

In his notes under these sections, Mr. Story has collected a large number of authorities, from an examination of many of which the following statement of the law has been deduced, to wit: Where a public officer state or national in his official capacity makes a contract for the public benefit, even though he makes it in his individual name, such contract is not his individual contract and can not be sued on as such but is the contract of that branch of the government, of which he is the servant or agent.

The contract in this case, as shown on the face of the agreement, was made by James Keen not in his individual capacity but in his official capacity as president of the board of education of Geary district and was so signed by him. It is therefore not his individual contract but is the contract of said board of education; and the board alone could sue upon it. It was made for the board and the board is en-

titled to the benefit thereof. This being the law, plaintiffs' evidence in relation to a prior verbal contract should have been excluded from the jury. Under this agreement the board of education had color of title, and having held the property openly, notoriously and exclusively for more than ten years, its title ripened and became perfect and indefeasible against all the world except plaintiffs; and section 20 of chapter 90 of the Code makes it so as to them. Said section provides that "a vendor, or any person claiming under him, shall not at law recover against a vendee, or those claiming under him, lands sold by such vendor to such vendee, when there is a writing stating the purchase, and the terms thereof, signed by the vendor or his agent." This agreement fills the requirements of the statute and is a bar to the plaintiffs' recovery from the board of education or those claiming under it.

The title of the board of education being indefeasible, the plaintiffs could not maintain their action of ejectment, unless they were to show a re-conveyance from the board. This they do not pretend to be able to do. The mere right of re-conveyance would not support this action. But the plaintiffs do not show even a right to a re-conveyance. Section 33, c. 45, of the Code provides "that the grantor or his heirs of any schoolhouse site shall, if he or they so desire, have the same reconveyed to him or them without the building thereon (if any) upon paying to the board of education the amount received by such grantor for such site; or in case no compensation was paid therefor, the same shall be so re-conveyed free of charge." This is a concession of the law to those living in farming communities, that a small portion of a farm may not be taken for school-purposes and then be allowed to pass into the hands of a stranger, to the damage of the residue of the land; and the grantor must make his election promptly, before the rights of third parties attach, by a re-payment of the purchase-money and a demand for a re-conveyance. If such demand is refused, even though made in time and in a proper case, the right could not be enforced by an action of ejectment.

The following instructions were erroneously given in behalf of the plaintiffs, to wit:

"(1) The jury is instructed that ten years' actual, continous and unbroken possession, under claim and color of title, ripens into a good title." It should be adverse, exclusive and visible or notorious. As amended it might have been a good instruction for defendant,· but not for plaintiffs.

The second instruction relating to courses, corners and distances is a mere abstract statement of the law.

The third instruction—that the board of education was not required to pay taxes on the lot—is correct, but hardly proper as given in behalf of plaintiffs, who are not claiming under the board, but rather adversely to it.

"(4) If the jury believe from the evidence that the plaintiffs·let the board of education of Geary district have the lot in controversy by parol contract, to be used by it for school purpose, on the consideration that when it should cease to so use it the lot should be restored to them, and that no conveyance was made by the plaintiffs to said board of education, and that said board erected a schoolhouse thereon, and used the same for school purposes, and afterwards ceased to use the said lot for school purposes, then said lot reverted to the plaintiffs, and no reconveyance from the board to the plaintiffs was required." This fourth instruction is clearly improper, owing to the written contract between the parties.

Eighth. This instruction, in relation to the board's having the consent of the county superintendent, before it could make sale of the property, had no bearing on the case and should not have been given ; for, if the board still owned the property, plaintiffs would have no right to maintain their suit. The same may be said with regard to the sixth instruction, by which the jury were told that the defendant's deed from the board was not properly executed, and was therefore bad.

The following instruction, asked by the defendant and refused by the court, should have been given : "If the jury believe from the evidence that the plaintiffs sold and conveyed, or sold and agreed to convey, the schoolhouse lot in question to the board of education of Geary district, in the county of Roane ; that the said board paid the plaintiffs

therefor; and that the said board erected thereon a school-house, and used the schoolhouse so erected thereon, for school purposes, for ten years or more—then the plaintiffs only had the right, under the law, to have the schoolhouse lot reconveyed to them, or possession restored to them, upon the request being made by them, or some one acting for them, to the board, and upon full repayment of the price received by them from the board for the lot, and were not and are not, in any event, entitled to the building erected thereon by the board. And if the jury further believe from the evidence that the said plaintiffs did not request the said board to reconvey the said schoolhouse lot to them, or restore to them the possession thereof, and did not repay or tender to the board the money which the board had paid them for the said schoolhouse lot, the jury must find for the defendant." The only objection to this instruction is that it does not state the law strong enough against the plaintiffs; for, as heretofore stated, the mere right to a conveyance or deed will not sustain an action of ejectment.

The consideration of the various other assignments of error on behalf of the defendant is rendered unnecessary by what has heretofore been said, by which they are expressly or impliedly overruled or sustained.

On a demurrer to evidence, judgment would have been for the defendant. But as now presented for the errors aforesaid the judgment of the Circuit Court is reversed, the verdict of the jury is set aside, and the case is remanded to the Circuit Court for a new trial thereof in accordance with the legal principles stated in this opinion and the rules of law governing such cases.