# CHARLESTON.

SEHON *v.* BLOOMER *et al.*

Submitted January 23, 1912. Decided April 22, 1913.

1. HUSBAND AND WIFE—*Separate Estate of Wife—Contingent Remainder*

   A contingent remainder, created by will probated before the act establishing separate estates of married women took effect, and vesting thereafter in a woman who was married before the act was passed, and so continued until the vesting of the estate, is her separate property. (p. 318).

2.   TAXATION—*Redemption from Tax Sale—Limitations.*
　　 One who claims the right to redeem land from a tax sale, as
the grantee of a married woman and her husband, of land
not her separate estate, is barred of his right at the end of
one year after it accrued to him.   (p. 320).

Appeal from Circuit Court, Raleigh County.

Bill by Edmond Sehon against George C. Bloomer and others.
Decree for defendants, and plaintiff appeals.

*Affirmed.*

*Campbell, Brown & Davis,* and *John E. Blake,* for appellant.

*McCreery & Patterson,* and *McGinnis & Hatcher,* for ap-
pellees.

WILLIAMS, JUDGE:

Suit by Edmond Sehon against George C. Bloomer and a num-
ber of other defendants to redeem land in Raleigh county from
a tax sale and conveyance.   The cause was heard upon the bill,
answers and general replications, and upon an agreed statement
of facts; and, on July 11, 1911, plaintiff's bill was dismissed,
and he has appealed.

The deed to Bloomer, the tax-purchaser, bears date the 24th
April, 1875.   The interest sought to be redeemed is the one-
seventh of one-third, or the one-twenty-first, undivided interest
in the land which was sold.   Plaintiff claims said interest by
deed from Hannah Augusta Bowen and Thomas Bowen, her
husband, bearing date the 26th day of September, 1895.   Mrs.
Bowen is the daughter of Robinson Stuart, and married Thomas
Bowen in 1866, and ever since then has been living with her hus-
band in the state of Virginia.

Plaintiff contends that, at the time the land was conveyed to
him, his grantor had a right to redeem, because she was under
disability of marriage, and, by virtue of sec. 30, ch. 31, Code
1906, could redeem within one year after the removal of her
disability.   As her grantee, he claims that the right to redeem
passed to him, and continues so long as his grantor is under dis-
ability.   It is essential to determine, first, whether the estate of
Mrs. Bowen was her common law, or her separate estate.   Be-
cause there is no saving in favor of married women in respect

to redeeming their separate estates. If the land was her separate estate, her right of redemption expired one year after the tax sale.

Mrs. Bowen is one of seven children of Robinson Stuart, Sr. She acquired title under the will of her grandmother, Elizabeth Stuart, made in 1859. The clause of the will creating the estate in question reads as follows:

"2nd. I will to Henry Stuart and Thomas Bradford in trust for my son Robinson Stuart's wife and his family, the tract of land on which my said son now resides, also the tract of land called the Henning place and when Robinson cease to have a family to his heirs forever. One third of my Raleigh lands and the lands on the Nicholas Road to be held in trust by said trustee for the same purpose and to go in the same way."

The land on which Robinson Stuart lived was in Greenbrier county, but the land in question, the "Raleigh lands," is made subject to the same trust and limitation. It is clear that the will itself does not create a separate estate in the remainder. Did the married women's act which, took effect 1st April, 1869, operate to make it Mrs. Bowen's separate estate? The answer to this question depends upon the time when title vested in her. If it vested before the statute took effect, then the statute did not operate to convert it into a separate estate. *Wyatt* v. *Smith,* 25 W. Va. 813; *Central Land Co.* v. *Laidley,* 32 W. Va. 134; *Pickens* v. *Kniseley,* 36 W. Va. 794; and *Laidley* v. *Central Land Co.,* 30 W. Va. 505.

The will created a freehold estate in trust for Robinson Stuart's wife and his family. The purposes of the trust were completed in 1876, when Robinson Stuart ceased to have a family, his wife having died in 1864. But he was then living, and the limitation to "his heirs" did not vest, if the word *heirs* was used by the testatrix in its technical sense, because of the legal maxim, *nemo est haeres viventis.*

In 1876 Robinson Stuart brought a suit in the circuit court of Greenbrier county against the trustees and his seven children, to have the will construed. The circuit court held, in effect that the children of Robinson Stuart took a vested estate in remainder upon the death of the testatrix, and confirmed a partition of the lands amongst them. But, on appeal to this court, the decree was reversed and the partition annulled. The

mandate and opinion of this court in that case, we think, determine that the remainder limited to the heirs of Robinson Stuart was contingent upon his death. See *Stuart* v. *Stuart*, 18 W. Va. 675. Robinson Stuart was living when that case was decided, and it does not appear that he is not still alive. The remainder was contingent, because his heirs were not ascertainable until his death. The court construed the words "his heirs," to mean, not children or heirs apparent, but technical heirs,—those on whom the law casts the descent of his property at his death. In discussing this point, at page 689 of the opinion, Judge GREEN uses the following language: "It is contended, that this means 'to his heirs apparent,' that is, to his then children. But after a careful consideration of the question and of the whole will I am forced to give to the words 'his heirs forever' the usual technical meaning of such words. And to conclude, that the meaning of the testatrix is, that on his death the property shall go to such persons and in such proportions, as real estate owned by him would descend to such persons, as at the death of William R. Stuart, Sr., answer the description of his heirs."

It is true, the learned judge also says, beginning at bottom of page 691, that the children of Robinson Stuart were entitled to occupy the land in joint tenancy, between the time of the ending of the trust, which was when he ceased to have a family, in 1876, and his death. But he seems to have put that right upon the ground of their having inherited from their mother the share which she took in fee under the will, and not because of any estate which the will had vested in them at that time. In concluding his opinion, at page 692, he says that, at the death of William R. Stuart, Sr., the estate of the children in the lands will terminate, and, quoting his language, "in lieu of it will arise a springing devise in favor of all persons, who would be heirs of William R. Stuart at his death, including the children and, if any of them be dead, their descendants, but including also any other children of William R. Stuart, Sr. whom he may have living at his death." Robinson Stuart is the same as William R. Stuart. His death was a condition precedent to the vesting of the remainder, and not a condition subsequent, divesting a vested estate. Not having a vested estate in the land at the time the statute creating separate estates in married women took effect,

that statute operated to make it Mrs. Bowen's separate estate, whenever title thereto vested in her, if indeed it.has yet vested, a circumstance depending upon the death of Robinson Stuart, a fact not in evidence. And, being her separate estate, the statute takes away her right to redeem after one year from the tax sale.

But, if we should be wrong in the foregoing view of the case, there is another reason why, we think, plaintiff can not now redeem. Supposing it was Mrs. Bowen's common law estate, and that she was under disability of marriage, which has continued until now, still it is not she who is seeking to redeem. It is her grantee who acquired her right by deed from her in 1895, fourteen years before he brought this suit. Can he claim the benefit, for so long a time, of the saving in her favor? We think not. The saving is a personal right, and is intended only for those persons who are under disability, and named in the statute. The moment Mrs. Bowen parted with her right in the property, the disability was, in effect, removed, and all saving because thereof came to an end. It was then the duty of her grantee, the plaintiff, to act before one year from the time of his conveyance expired. It is true, the statute, sec. 30, ch. 31, permits the heir or assignee, of one under disability, to redeem, but such right is given for one year only, "after the removal of such disability;" and the passing of title, whether by grant or inheritance, operates to remove the disability. The right of property in the disabled party, to protect which the saving was made, has passed, and, therefore there is no reason for withholding the operation of the statute of limitation. A grantor, under disability, can no more confer the personal right, given on account of disability, than she can confer the disability itself. It is purely a personal, not a property right, and, therefore, not transmissible.

We have found but three decisions, by any of the courts of the country, on this question, two by the supreme court of Iowa, and one by the supreme court of Mississippi. Those cases construe statutes of the respective states, both of which are like our own, in respect to the suspension of limitation upon right to redeem land from tax sale, by one under disability. They are directly in point, but in direct conflict with each other. The supreme court of Mississippi, the decision being rendered by one judge only, in *McNamara* v. *Baird*, 16 Sou. Rep. 384, holds that: "The time for redemption accruing to the heir of an infant begins to run

from the time when the infant would have attained his majority had he lived."

But the supreme court of Iowa takes the opposite view. In two apparently unanimous decisions, rendered by a court composed of five judges, one in 1878, and the other in 1892, after the personnel of the court had wholly changed, that court held that: "An action by the heir of a minor to redeem from tax sale must be commenced within one year after the death of the minor." *Gibbs* v. *Sawyer,* 11 Iowa 443; and *McGee* v. *Bailey,* 86 *Id.* 513, 53 N. W. 309. In the latter case the heir who sought to redeem was himself an infant.

Our conclusion is, that the right to redeem land from a tax sale, reserved by the statute to a married woman in respect to her common law estate, passes to her grantee, but must be exercised by him within one year after he has received his deed.

Decree is affirmed.

*Affirmed.*