# CHARLESTON.

ISAAC N. KENNEDY'S ADMINISTRATOR *v.* MARY KENNEDY *et al.*

Submitted October 28, 1924.　Decided November 11, 1924.

EXECUTORS AND ADMINISTRATORS—*Surviving wife's personal representative is entitled on her death, before distribution of personal estate, to distributive share which she would have received if living at time of distribution.*

Under paragraph 3 of Section 9, Chapter 78, Barnes' Code, 1923, the widow of an intestate is entitled to one-third of the personal estate of her intestate husband after payment of funeral expenses, charges of administration and debts, if he leaves children by that or a former marriage; and if she dies before distribution of the personal estate has been made, her personal representative is entitled to the distributive share which she would have received if living at the time of distribution.

Appeal from Circuit Court, Monongalia County.

Action by Isaac N. Kennedy's administrator against Mary Kennedy and others. From judgment rendered, certain defendants appeal.

*Reversed and remanded.*

*Baker & Posten,* for appellants.

*Glasscock & Glasscock,* for appellee.

LIVELY, JUDGE:

Isaac N. Kennedy died intestate on January 12, 1923 survived by his wife, Anna Kennedy, and four children, one of whom, Mary Kennedy, then eleven years of age, was by his last wife, Anna, and the other three children, Jesse E. Kennedy, Edna E. Kennedy and Grace V. Morris, were by former wives, then deceased. His real estate was appraised at $4,000.00 and the personal estate at $14,606.10. M. W. Ogden was duly appointed as his administrator, paid off the debts, funeral expenses and costs of administration, and had in his hands for distribution $13,119.68. On July 26, 1923, Anna Kennedy, the widow, died testate leaving her estate to her infant daughter Mary. John Eddy, one of the appellants, qualified as her administrator.

This suit was instituted by Ogden, the administrator of Isaac N. Kennedy, asking that the distributees of the personal estate be judicially determined and the amounts to be distributed to each be decreed; and the children above named, together with John Eddy, the administrator of the estate of Anna Kennedy with the will annexed, were impleaded.

Mary, the infant child, by her guardian ad litem and by Eddy, the administrator of her mother's estate with the will annexed, claims that she is entitled to one-third of the personal estate of her father Isaac by inheritance from her mother; while the other children claim that she should share alike with them in the distribution. She claims that she takes the one-third by inheritance from her mother Anna who was entitled to one-third of the personal estate on the death of Isaac, her husband; while the other children claim that Anna, the widow, had no interest in her husband's personal estate which she could devise, never having had possession thereof in her lifetime, there having been no distribution by Isaac's administrator at the time of her death, July 26, 1923. Upon submission of the cause upon bill, demurrers thereto, and answers the court decreed that the personal estate of

Isaac N. Kennedy should be distributed to the four children in equal amounts to each; and the guardian of Mary Kennedy and administrator of Anna Kennedy, deceased, with the will annexed, prosecute this appeal.

The controlling question is whether Anna Kennedy, the surviving widow of Isaac N. Kennedy, had such an interest in one-third of his personal estate which she could dispose of by will, she having died before distribution of the personal estate by Isaac's administrator. Section 9 of Chap. 78, Code, directs to whom the personal estate of an intestate shall be distributed; and by paragraph 3 thereof it is provided: "If the intestate leave a widow and children by the same or a former marriage, the widow shall be entitled to one-third of the said surplus, and if he leaves no children, she shall be entitled to the whole thereof." The word "surplus" means what remains of the estate after payment of funeral expenses, charges of administration and debts. This statute gives to the widow one-third of the surplus as her distributive share. A decedent having failed to make a testamentary disposition of his personal property the statute makes it for him. The statute "distributes" the personal estate and the widow is "entitled" to one-third of the surplus. Many decisions designate her as a distributee. *Graham* v. *Graham,* 10 W. Va. 355; *Findley's Ex'or* v. *Findley,* 11 Grat. 438; *Bliss* v. *Spencer,* 125 Va. 36; *Nelson* v. *Kownslar,* 79 Va. 475. While the wife had no interest in the personal estate of her husband at common law, and now takes by virtue of the statute only, it may be conceded that natural equity and good conscience would accord to her some claim to the personality, for the marriage makes them one, and often the accumulation of such property is the result of their joint efforts. So, statutes have been passed according to her a distributable interest, varying in amounts in various jurisdictions, based no doubt upon her natural right, as well as to provide for her necessities. A widow seeking to enforce her rights under such statutes is entitled to the same remedies as other distributees. *Howard* v. *Strode,* 242 Mo. 210; Anno. Cas. 1913 C 1057. It is not contended that she would not be entitled to one-third of the personal estate had she lived until the administrator had made distribution, or that she could not have forced dis-

tribution after one year had he delayed without justification in doing so; or that once having reduced her distributive share to possession she would not have the right of disposition. The point contended for by appellees is that not having come into possession her right in the distributive share is defeated and reverts to the husband's estate, or, perhaps, never has passed from the husband's estate, and should descend to his remaining distributees. It is pointed out that under the common law a husband had no right to his wife's personal property unless he reduced it to possession; and unless he did so reduce it to actual possession his distributees could not take it by descent or by his will; and it is argued that by analogy the wife should have no property right in her husband's personalty unless she likewise reduced it to possession. At common law the husband was entitled only to the wife's personal property of which she actually had the beneficial possession. Her possession was his possession. Husband and wife were regarded as one. Here, we have a statute which entitles the wife to one-third of her husband's personal estate without reference to whether he did or did not have possession. His choses in action are part of his personal estate and are distributed under the statute of descents and distribution. The common law rule has little application in construing the statute. It is pointed out that there is no provision that the widow's one-third distributive share if there are children, or all of the personal estate if there be no children, shall go to her and her "descendants." And it is argued that the legislature did not intend that her estate should be benefited if she was not living when distribution was made, because it left out the direction that it should go to her descendants; whereas, in paragraph 1 of Sec. 1, of Chap. 78 Code, it is provided that where a person dies intestate his real estate shall descend to his children and their *descendants;* and in paragraph 2 of the same section, "If there be no child nor the *descendants* of any child then to their father"; and in paragraph 3, "If there be no father then to his mother, brothers and sisters and their *descendants.*" These provisions that the estate shall go to the descendants of the persons named if they be not living refer to the time of the death of the ancestor. If at the time

of his death any child be dead the share of that child goes to his descendants, if he has any. But if that child be living at the time of the intestate's death and die before the estate is distributed and before he gets possession, his right to his distributive share has become vested and he may sell, or dispose of it by will. If the child survives the intestate parent, the future devolution of his share of the parent's estate is contingent upon his pleasure. It is not perceived why the distributive share of the widow in the personal estate should be subject to a different course. The wife can take no share if she be not living at the time of her husband's death, and, of course, her "descendants" can get nothing of the estate by inheritance through her. The statute under consideration operates only where there is a widow.

We cannot see that the wife's non possession of her distributive share affects her beneficial right thereto. The statute gives it to her as effectively as if her husband had willed it to her. In either case it would be subject to the lawful charges against the husband's estate in the hands of the executor or administrator. Lack of possession would not prevent the vesting of the distributive share in her. While it is true the legal title passes to the administrator with the right of possession for the purpose of paying debts against the estate, charges of administration and the like, the beneficial interest is vested in her, and the possession of the administrator is her possession. His relation to her is that of a fiduciary, or trustee. *Jones* v. *Jones,* 92 Va. 590. The beneficial interest in the distributive share vests in her at the death of her husband, and having become vested she cannot become divested except by some act of her own. It is liable for payment of decedent's debts just as if it had been a legacy. Can it be contended with logic that she could not sell her beneficial interest in the personal estate pending the administration? If she has no title or right to the share until it is reduced to possession she may never have the benefit of the statute, if, perchance, the administrator squanders the estate. The administrator's bond would stand in the place of the property it is true, but if the contention here made be sound, a suit by her on the bond would abate and be abortive if she should die while it was pending. The right to her dis-

tributive share would be in the children as distributees of her husband's estate; her personal representative would not be interested in the prosecution of the suit on the bond. If her right to sell or devise the distributive share is contingent upon reducing it to possession, delay in reducing it to possession from any cause would defeat her of her inheritance, if, perchance, she should die during the delay. The vesting of an estate by inheritance or will does not depend upon its possession. Often by will the possession and enjoyment of an estate by the devisee or legatee is postponed to some future date, but the beneficial interest is vested in him and he may sell it, or control its future devolution.

Appellees argue that the purpose of the statute of descents and distribution so far as the widow is concerned was to provide for her support and maintenance during her lifetime, and that, "it was not the intent of the law makers that she should have a substantial part of the estate of her husband that she could dispose of as to her might seem proper." If she could not dispose of her distributive share for her maintenance and support, it would be of little benefit to her. The statute says she is entitled to one-third, if there be children, and all if there be no children. There are no restrictions upon its use. She may sell it, or hoard it; use it for her pleasure, profit, or for necessaries. Her dominion over her share is as absolute under the statute as if it had been devised to her without restriction; subject, of course, in both instances to payment of debts and the like against the estate.

"Descent is cast, and rights of distribution are vested upon the death of the intestate ancestor or person whose estate is to be administered; hence the subsequent death of a distributee transfers his interest to his personal representative." 2 Schouler on Wills, Ex'ors and Admrs. (5th ed.) page 1598, Sec. 1507.

The controlling question raised by this record has been passed upon by the courts of other states involving statutes, in substance, similar to ours; and the decisions seem to be in accord with each other, and with our conclusion. The same question arose in *Moore* v. *Gordon, Executor,* 24 Iowa 158, and Chief Justice Dillon, after reviewing the English and American cases on statutes of distribution not dissimilar to

ours, lays down the following general principles: "That the right to a distributive share vests in the person entitled, whether widow or next of kin, instanter upon the death of the intestate, and not from time of distribution actually made; that distribution gives to the distributee no new title, but only ascertains the property to which the title attaches; that, if the death of the distributee takes place before distribution actually made, his share goes to his legal representatives or legatee, and that the right of the widow to her distributive share is held by a title as high as that of the heir or next of kin, and like his, is not personal, but transmissible. *Davers* v. *Dewes*, 3 P. Wms. 40, note; Reeve, 57, 71; Bac. Abr. tit. 'Exr. & Admr.' 1; 2 Eq. Cas. Ab. 444; *Hayward* v. *Hayward,* 20 Pick. 517; followed and approved in *Kingsbury* v. *Scovill,* 26 Conn. 349; *Foster* v. *Fifield,* 20 Pick, 67; followed and approved in *Mill* v. *Marshall,* 8 Ind. 54; *Adams* v. *Adams,* 10 Metc. 170; *Thompson* v. *Thomas,* 30 Miss. (1 George) 152; *Nickerson* v. *Bowley,* 8 Metc. 424." In addition to the cases cited above by Judge Dillon, may be cited *Puckett* v. *James,* 21 Tenn. (2 Hump.) 565; *Maxwell* v. *Craft,* 32 Miss. 307. Appellees have cited no authority in conflict with those above cited, and we have been unable to find any in our investigation. On authority and reason we conclude that Mary Kennedy, the infant appellant, is entitled under the will of her mother, Anna Kennedy, to her mother's distributive share of the surplus of Isaac N. Kennedy's personal estate remaining after payment therefrom of funeral expenses, costs of administration and the debts against the estate; and that she is entitled to her proportionate share in the remainder of her father's personal estate as one of his children and distributees. The decree will be reversed and the cause remanded.

*Reversed and remanded.*