MARSHALLENE LANE, *et al.*

*v.*

THE BOARD OF EDUCATION OF LINCOLN COUNTY,

WEST VIRGINIA, *et al.*

(No. 12197)

Submitted May 7, 1963.          Decided June 4, 1963.

*Carl M. Duttine, H. D. Rollins,* for appellants.

*Woodall & Griffith,* for appellees.

HAYMOND, JUDGE:

This is a civil action, instituted in the Circuit Court of Lincoln County in June 1961, in which the plaintiffs, Marshallene Lane, Gladys Johnson, Faye Conner, Mary Jane Gerhart, Thomas Dugan, Linda Tincher, Jack Dugan and James Dugan, seek a reconveyance to them by the defendant, The Board of Education of Lincoln County, West Virginia, of a small parcel of land conveyed by Victoria A. Burdette and S. P. Burdette, her husband, to the Board of Education of Washington District of Lincoln County, by deed dated August 11, 1894, and the cancellation of a deed made by the defendant, The Board of Education of Lincoln County, to the defendant M. J. Banks, dated November 6, 1958, and a deed made by him to the defendants, Roy Williams and Alice Williams, dated October 23, 1959, for that parcel of land.

The case was heard upon the amended complaint of the plaintiffs, the separate answers of the defendants, and the facts set forth in written stipulations of the attorneys for the respective parties. By final judgment rendered July 24, 1962, the circuit court dismissed the complaint and the amended complaint of the plaintiffs, denied them the relief for which they prayed, and entered judgment in favor of the defendants and awarded them their costs against the plaintiffs. From that judgment this Court granted this appeal upon the application of the plaintiffs on November 26, 1962.

By deed dated August 11, 1894, Victoria A. Burdette, the owner of a tract of land of forty acres in Washington District, Lincoln County, West Virginia, and S. P. Burdette, her husband, conveyed a parcel containing three-fourths of an

acre, more or less, and being a part of the forty acre tract, for the consideration of twenty five dollars to the Board of Education of Washington District of Lincoln County for school purposes. The grantee in that deed erected a school house upon the lot and it and its successor, the defendant The Board of Education of Lincoln County, continued to possess and use the land for school purposes until sometime during the year 1957 when the defendant Lincoln County Board of Education discontinued the use of the land for school purposes and advertised the property for sale at public auction. At the sale the defendant M. J. Banks became the purchaser of the lot and the defendant Lincoln County Board of Education conveyed it to him by deed dated November 6, 1958. Later the defendant Banks conveyed the same lot to the defendants Roy Williams and Gladys Williams by deed dated October 23, 1959.

By deed dated September 29, 1900, Victoria A. Burdette and S. P. Burdette, her husband, conveyed the tract of forty acres of land to her son Marshall Bowman. This deed contained no reservation or exception of the tract of three-fourths of an acre which had previously been conveyed to the Board of Education of Washington District, and the plaintiffs contend that it conveyed to the grantee Marshall Bowman the right of the grantors to a reconveyance of the land conveyed to the board of education.

In 1941, Marshall Bowman, a resident of Lincoln County, died intestate and at the time of his death he was the owner of the forty acre tract of land conveyed to him by the deed of September 29, 1900, except, of course, the three-fourths of an acre which had been conveyed by Victoria A. Burdette and her husband to the Board of Education of Washington District, Lincoln County, by the prior deed of August 11, 1894. Marshall Bowman was survived by four daughters, Marshallene Lane, Gladys Johnson, Faye Conner and Mae Dugan, and these four daughters were his heirs at law. Mae Dugan subsequently died intestate and was survived by her five children and heirs at law, Mary Jane Gerhart, Thomas Dugan, Linda Tincher, Jack Dugan and James Dugan. These persons as the heirs of Marshall Bowman and the

heirs of Mae Dugan are the present owners of the forty acre tract of land.

Though the complaint and the amended complaint state that the tract of forty acres of land "was conveyed to Marshall Bowman by his mother, Victoria A. Burdette, formerly Victoria A. Bowman, by deed dated September 29, 1900," there is no allegation in the complaint or the amended complaint that the plaintiffs are heirs of Victoria A. Burdette or S. P. Burdette, her husband, the grantors in the deed of August 11, 1894, to the Board of Education of Washington District for the parcel of three-fourths of an acre of land; and the brief in behalf of the plaintiffs asserts that the plaintiffs are the sole heirs at law of Marshall Bowman and as such succeed to such rights in his real estate as he had at the time of his death. If Marshall Bowman survived his mother, Victoria A. Burdette, he would be an heir of Victoria A. Burdette and in that situation his surviving children would be his heirs but they would not be heirs of his mother, Victoria A. Burdette.

At the date of the deed of August 11, 1894, by Victoria A. Burdette and S. P. Burdette, her husband, to the Board of Education of Washington District, for the school house lot, Section 33, Chapter 15, Acts of the Legislature, 1881, Regular Session, was in effect. That statute, which the plaintiffs contend applies to and controls the rights of the parties to this action, contained these provisions: "The president of the board of education of every district shall, at least once a year, examine the school houses and school house sites in the district, and report the condition of the same to the board; and such as are, in their judgment, properly located and are sufficient, or can with reasonable expense be rendered so, shall be retained for the use of public schools, and the remainder, with the consent of the county superintendent, shall be sold at public auction or otherwise, by the board of education, and on such terms of sale as the board may order, and the proceeds added to the building fund; *Provided*, That the grantor or his heirs of any such school house site shall, if he or they so desire, have the same reconveyed to him or them, without the buildings thereon (if any), upon

paying to the board of education the amount received by such grantor for such site; or in case no compensation was paid therefor, the same shall be so reconveyed free of charge. In case of such reconveyance, the building on such site (if any), shall be sold, as hereinafter provided, with privilege to the purchaser to remove it from off such site in a reasonable time. This proviso shall not be construed to apply to any school house lot within any village, town or city." This statute remained in effect until it was amended by Section 33, Chapter 70, Acts of the Legislature, 1905, Regular Session. The statute as amended by the Act of 1905 omitted any right to the grantor or his heirs to any reconveyance and such right is not preserved by any subsequent amendment to the statute.

The statute was again amended by Section 48, Chapter 2, Acts of the Legislature, 1919, Regular Session. That statute contained the provisions, among others, that all buildings, other than such buildings as in the judgment of the board were properly located and were suitable or could with reasonable expense be rendered suitable for school purposes, together with lands in connection with such buildings, should, with the consent of the county superintendent of schools, "be sold at public auction to the highest responsible bidder, by the board of education, on proper legal notice and on such terms of sale as the board may order, and the proceeds of such shall be placed to the credit of the building fund of the district; *provided,* that in rural districts the grantor of such land, his heirs or assigns, shall have the right, at such sale, to purchase said land, exclusive of mineral rights, and buildings thereon, at the same price for which it was sold, plus legal interest." The right of the grantor, his heirs or assigns, to purchase the land previously sold by him to the board of education is incorporated in the present statute, Section 7, Article 5, Chapter 18, Code, 1931, as amended, and is expressed in these terms: "But in rural communities the grantor of the lands, his heirs or assigns, shall have the right to purchase at the sale, the land, exclusive of the buildings thereon, and the mineral rights, at the same price for which it was originally sold."

By Chapter 8, Acts of the Legislature, 1933, Extraordinary Session, each county school district was placed under the supervision and control of a county board of education and such county board succeeded and was subrogated to all the rights of former magisterial and independent district boards of education and was made liable for all claims legally existing against the board, of which it became a successor, and was authorized to hold and dispose of any real estate or personal property belonging to its predecessor.

The plaintiffs, apparently residents of West Virginia, did not reside in Lincoln County when the board of education of that county ceased to use the lot for school purposes and when it was sold at public auction, though it is apparent that notice of the sale was published for two consecutive weeks in two newspapers in Lincoln County, the plaintiffs did not know that the board of education had ceased to use the lot for school purposes or that it had sold it at public auction until after the execution and delivery of the deed from the board of education to Banks in 1958 and the deed from Banks to Roy Williams and Alice Williams in 1959.

In June 1961, however, the plaintiffs instituted this action and alleged in their amended complaint that they are now, and have always been willing to pay the consideration of twenty five dollars to the defendant the Lincoln County Board of Education and that they tender that amount to it in this action.

The language of the Act of 1881, the statute upon which the plaintiffs rely and which applies to and controls the decision in this case, provides the grantor or his heirs a right to a reconveyance of land conveyed by him to the board of education for school purposes when such land is no longer used for such purposes upon demand for such reconveyance and repayment of the amount received by such grantor for such land.

When the words of the statute are not ambiguous, but have a definite meaning, the court will not extend its provisions to include persons clearly excluded by its language. *Waldon v. Taylor*, 52 W. Va. 284, 45 S. E. 336. The word "heirs" is a legal term having a definite meaning and expresses the

person or persons appointed by law to succeed to the real estate of a deceased person in case of intestacy, and it will ordinarily be given this primary or technical meaning when used in an instrument creating an estate or designating the person for whom an interest in an estate is intended. *McLain v. McLain,* 91 W. Va. 39, 112 S. E. 208; *Hickel v. Starcher,* 90 W. Va. 369, 110 S. E. 695, 22 A.L.R. 708; *Sehon v. Bloomer,* 72 W. Va. 316, 78 S. E. 105; *Allen v. South Penn Oil Company,* 72 W. Va. 155, 77 S. E. 905; *Irvin v. Stover,* 67 W. Va. 356, 67 S. E. 1119; *Collins v. Feather,* 52 W. Va. 107, 43 S. E. 323, 94 Am. St. Rep. 912, 61 L.R.A. 660; *Baer v. Forbes,* 48 W. Va. 208, 36 S. E. 364; *Tomlinson v. Nickell,* 24 W. Va. 148; *Chipps v. Hall,* 23 W. Va. 504; *Stuart v. Stuart,* 18 W. Va. 675; *Reid v. Stuart,* 13 W. Va. 338. See also 6 Michie's Jurisprudence, Descent and Distribution, Section 9; 20 Michie's Jurisprudence, Wills, Section 114; 39 C.J.S., Heirs, pages 881, 882; Black's Law Dictionary, 4th ed., page 856.

In the construction of written instruments technical words are presumed to have been used in a technical sense and should ordinarily be given their strict meaning; but this rule is not absolute and when it appears from the context that another meaning was intended such words will not be applied in their technical sense. *Weiss v. Soto,* 142 W. Va. 783, 98 S. E. 2d 727; *Bennett v. Neff,* 130 W. Va. 121, 42 S. E. 2d 793; *Brookover v. Grimm,* 118 W. Va. 227, 190 S. E. 697; *Minor v. The Pursglove Coal Mining Company,* 111 W. Va. 28, 161 S. E. 425; *Jackson v. Osborne,* 108 W. Va. 480, 151 S. E. 709; *Trager v. Chapman,* 100 W. Va. 413, 130 S. E. 660; *Hobbs v. Brenneman,* 94 W. Va. 320, 118 S. E. 546; *McLain v. McLain,* 91 W. Va. 39, 112 S. E. 208; *Hickel v. Starcher,* 90 W. Va. 369, 110 S. E. 695, 22 A.L.R. 708; *Cowherd v. Fleming,* 84 W. Va. 227, 100 S. E. 84; *Allen v. South Penn Oil Company,* 72 W. Va. 155, 77 S. E. 905; *Irvin v. Stover,* 67 W. Va. 356, 67 S. E. 1119; *Collins v. Feather,* 52 W. Va. 107, 43 S. E. 323, 94 Am. St. Rep. 912, 61 L.R.A. 660; *Baer v. Forbes,* 48 W. Va. 208, 36 S. E. 364; *Tomlinson v. Nickell,* 24 W. Va. 148; *Stuart v. Stuart,* 18 W. Va. 675. Ordinarily the heirs of an ancestor are to be determined as of the date of his death. *Young v. Lewis,* 138 W. Va. 425, 76 S. E. 2d 276;

*Kennedy* v. *Kennedy,* 97 W. Va. 491, 125 S. E. 337; *Sehon* v. *Bloomer,* 72 W. Va. 316, 78 S. E. 105; *Tomlinson* v. *Nickell,* 24 W. Va. 148. It is clear from the language of the Act of 1881, the statute in effect when the deed for the school house site was made to the board of education, that the right to a reconveyance is limited to the grantor or his heirs and in the application of the statute the word "heirs" is used in its technical sense. The statute does not extend the right to the assigns of the grantor or to the heirs of the heirs of the grantor. In discussing the nature of the right of the grantor or his heirs provided by the Act of 1881, this Court, in *Garrett* v. *Board of Education of Chapmansville District,* 109 W. Va. 714, 156 S. E. 115, said: "That statute simply preferred the grantor as a purchaser, in case of sale of a school lot. It was a courtesy which did not arise until the happening of this contingency. Such a right of option did not approach the dignity of a remainder. It was not of sufficient substance to ever undo the fee." The Act of 1881 in effect when the deed of August 11, 1894 was made governs the rights of the parties to that deed, as contended by the plaintiffs, and the omission, by the subsequent amendment of the statute, of the right of the grantor or his heirs to a reconveyance of the school lot conveyed by that deed could not and did not change or impair the right provided by the Act of 1881. *Herald* v. *Board of Education,* 65 W. Va. 765, 65 S. E. 102, 31 L.R.A., N. S., 588.

Though Victoria A. Burdette or S. P. Burdette as grantor in the deed of August 11, 1894, or Marshall Bowman as an heir of Victoria A. Burdette or S. P. Burdette, upon the discontinuance of the use of the lot for school purposes, could have demanded a reconveyance of the land from the Board of Education of Washington District, or its successor, the defendant The Board of Education of Lincoln County, the assigns of the grantors or the assigns of the heirs of the grantors had no such right under the statute in effect at the time the deed of August 11, 1894, was executed and delivered. The plaintiffs in this action do not claim as, and are not shown to be, the heirs of the grantors Victoria A. Burdette and S. P. Burdette, her husband, or either of them, but on the contrary they claim, as the heirs of Marshall

Bowman, and not as the heirs of either of the grantors in the deed of August 11, 1894, the right to a reconveyance of the land. For that reason they do not come within the applicable statute and under it they have no right and have never had any right to demand a reconveyance of the school lot from the defendant The Board of Education of Lincoln County.

The omission from the statute of all persons except the grantor or his heirs with respect to a right of reconveyance of a school house site previously conveyed by such grantor to a board of education necessarily excludes all persons having a different status; and, under the well established principle which governs the interpretation of written instruments, including contracts, deeds, statutes and constitutions, that the express mention of one thing implies the exclusion of another, *expressio unius est exclusio alterius*, which here applies, such omission indicates the plain legislative purpose to restrict the right to a reconveyance to the grantor or his heirs and not to confer it upon any person occupying another or different status. *Ratcliff* v. *State Compensation Commissioner*, 146 W. Va. 920, 123 S. E. 2d 829; *Layne* v. *Hayes*, 141 W. Va. 289, 90 S. E. 2d 270; *West Virginia Sanitary Engineering Corporation* v. *Kurish*, 137 W. Va. 856, 74 S. E. 2d 596; *Harbert* v. *The County Court of Harrison County*, 129 W. Va. 54, 39 S. E. 2d 177; *State ex rel. Downey* v. *Sims*, 125 W. Va. 627, 26 S. E. 2d 161; *The State Road Commission of West Virginia* v. *The County Court of Kanawha County*, 112 W. Va. 98, 163 S. E. 815; *Taylor* v. *Taylor*, 66 W. Va. 238, 66 S. E. 690, 19 Ann. Cas. 414; *Beverlin* v. *Beverlin*, 29 W. Va. 732, 3 S. E. 36.

That the Legislature intended to limit the right to a reconveyance to the grantor or his heirs by the statute in effect when the deed of August 11, 1894, was executed is clearly established by the different language in the amendment to the statute by Section 48, Chapter 2, Acts of the Legislature, 1919, Regular Session, which did not preserve to the grantor or his heirs any right to a reconveyance but instead provided the right to the grantor, his heirs or assigns, to purchase the land at public auction, exclusive of

mineral rights and the buildings, at the same price for which it was sold plus legal interest. If the Legislature by the language of Section 33, Chapter 15, Acts of the Legislature, 1881, Regular Session, the statute relied upon by the plaintiffs, intended to extend the right to a reconveyance to the assigns of the grantor it would have expressly so provided and the absence of the word "assigns" from that statute indicates that the Legislature intended to restrict the right of reconveyance to the grantor or the heirs of such grantor.

The cases of *Cavendish* v. *Blume Coal and Coke Company*, 72 W. Va. 643, 78 S. E. 794, and *Carper* v. *Cook*, 39 W. Va. 346, 19 S. E. 379, in which this Court considered the provisions of the Act of 1881, in effect when the deed dated August 11, 1894 was made, and the provisions in an earlier statute that "the grantor or his heirs of any such school house site shall, if he or they so desire, have the same reconveyed to him or them, without the building thereon (if any), upon paying to the board of education the amount received by such grantor for such site;", are readily distinguishable from the case at bar.

In the *Cavendish* case, in which the grantor of a school house site, not his heirs or any other person, sought a reconveyance, the school house site involved was located in a village and for that reason was not within the statutory provision which entitled the grantor to a reconveyance and the relief which he sought in that proceeding was denied. In the *Carper* case the vendors, who had entered into a written contract of sale under which the board of education held possession of a school house lot for a period of sixteen years and obtained title by such possession under color of title, undertook to recover the lot in an action of ejectment and, inasmuch as they did not have legal title to the lot they could not maintain ejectment and the relief which they sought in that action was likewise denied. In the opinion in that case this Court said: "the grantor must make his election promptly, before the rights of third parties attach, by a re-payment of the purchase money and a demand for a re-conveyance. If such demand is refused, even though made in time and in a proper case, the right could not be

enforced by an action of ejectment." This Court did not, in either of those cases, consider or determine the scope or the extent of the statutory provision relating to the right of the grantor or his heirs to a reconveyance of a school house site, or indicate whether any person other than the grantor or his heirs, giving that word its technical meaning, could exercise such right.

Persons who do not claim as, and are not shown to be, the heirs of the grantors in a deed for a school house site, of which they seek a reconveyance from a board of education but who claim such right as the heirs of a son of one of the grantors in such deed are not within the applicable statute which provides a right of reconveyance for the grantor or his heirs and under such statute they have no right to demand and obtain from a board of education a reconveyance of such school house site.

The plaintiffs are not, and do not claim to be, the heirs of the grantors in the deed of August 11, 1894 and, not being heirs of those grantors, they have no statutory right, under the statute upon which they rely, to a reconveyance from the defendant The Board of Education of Lincoln County of the lot conveyed by the deed of August 11, 1894. For that reason it is unnecessary to consider their contention that they were entitled to reasonable notice of the sale of the property at public auction by the board of education to enable them to make a demand for a reconveyance before the property was conveyed to the purchaser at the sale, and their contention that the purchaser at the sale was not a purchaser for value without notice because he was charged with notice of the statutory provision which entitled the grantor or his heirs to demand and obtain a reconveyance of the lot conveyed to the board of education by the deed of August 11, 1894.

As the plaintiffs, as heirs of Marshall Bowman, under the foregoing statute, had no right to demand a reconveyance of the land conveyed to the board of education by their grandmother Victoria A. Burdette and S. P. Burdette, her husband, and as no subsequent or current statute confers

748

such right upon them they are not entitled to the relief which they seek in this action.

The judgment of the Circuit Court of Lincoln County, in favor of the defendants, is affirmed.

*Affirmed.*